## UNITED STATES v. ROGOFF.

(Circuit Court, S. D. New York. March 28, 1908.)

Criminal Law—Former Jeopardy—Dismissal After Swearing Jury.
The dismissal of an indictment by the court, before submission of the case to the jury, but after they were sworn, on the ground that it did not charge a crime, will not support a plea of autrefois acquit or of former jeopardy to a second indictment for the same offense attempted to be charged in the first; the court in the first proceeding never having had jurisdiction of the offense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 316.]

On Demurrer to Pleas.

Henry L. Stimson, U. S. Atty., and T. W. Bird, Asst. U. S. Atty.
Clarence S. Houghton, for defendant.

CHATFIELD, District Judge. The defendant was indicted for the crime of perjury in connection with an examination in a bankruptcy proceeding brought against himself, and the indictment was moved for trial. After the jury had been sworn and the case opened, but before evidence was offered, a motion to dismiss was made, on the ground that the indictment did not show facts sufficient to constitute a crime, in that it was not alleged that the proceeding in bankruptcy was pending before any court of the United States. The court directed a verdict in favor of the defendant, and a new indictment has been found, to correct the insufficiencies of the former one. The defendant has interposed to this indictment the pleas of autrefois acquit and former jeopardy. The government has demurred to these pleas, so that the sufficiency of the plea comes up as a matter of law.

The plea of autrefois acquit does not apply, as no acquittal was had, either after trial or by direction of a verdict. The plea of double jeopardy is to the effect that the defendant had been put in jeopardy at the former trial, and that he cannot be tried twice for the same offense. By the demurrer the government admits that the charge in the second indictment is the same as that in the first, and that the present trial is an attempt to retry the charge, which was not sufficiently set forth in the former indictment. The cases of Ball v. United States, 163 U. S. 662, 16 Sup. Ct. 1192, 41 L. Ed. 300, and Kepner v. United States, 195 U. S. 100, 134, 24 Sup. Ct. 797, 49 L. Ed. 114, both have to deal with a situation arising after verdict, and sufficiently show that in the United States courts the plea of autrefois acquit is inapplicable to the present situation.

The application of the plea of former jeopardy has suffered continual modification since it first arose as a plea at common law. Without attempting to trace these modifications, or to consider what the original scope of the plea was, it is sufficient to say that if a person has not been placed in jeopardy by the trial upon an indictment against him, in which a verdict has been rendered, and upon which the verdict has been reversed upon appeal, it is difficult to see how the dismissal of an indictment before the case goes to the jury, when this dismissal is had upon the ground that no charge sufficient in law has ever been made against the defendant, can be said to have placed him in jeopardy. The entire transaction, from the finding of the indictment to the dismissal, is made a nullity, and the defendant comes before the court upon the second indictment as if the first charge had never been made. This was the theory upon which the case of Ball v. United States, supra, was determined, and, as has been said, the entire proceeding, including the trial, was held to be a nullity, upon the ground that the indictment had never been sufficient to charge a crime, and therefore not sufficient to have put the defendant in jeopardy of any conviction for a crime. To the same effect is the doctrine in the case of United States v. Jones (C. C.) 31 Fed. 725, and People v. Casborus, 13 Johns. (N. Y.) 351; this latter case being very similar to the case at bar.

The court, having jurisdiction of the defendant, nevertheless had no jurisdiction over the offense which was attempted to be charged, inasmuch as no offense was charged, and the defendant was therefore

never in a position of jeopardy before a jury which was called to pass upon any sufficient criminal charge. The matter was disposed of as a question of law, with the same effect as if it had been argued upon demurrer to the indictment.

The demurrer to the plea is sustained, and the defendant ordered to plead to the present indictment.