## HOROWITZ et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 6, 1926.)

No. 4700.

1. Criminal law ⬅1168(4)—Refusal to withdraw evidence affecting a defendant as to whom verdict was directed held not reversible error (National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).

In prosecution for conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), refusal to withdraw from evidence bills of lading claimed to have been signed by one defendant, in whose favor verdict was directed, held not reversible error.

2. Criminal law ⬅686(1).

Reopening a case and permitting the government to introduce additional evidence is within the discretion of the trial court.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Criminal prosecution by the United States against Louis Horowitz and S. Abramson. Judgment of conviction, and defendants bring error. Affirmed.

Bart. A. Riley, of Miami, Fla., and Henry A. Behrendt, of Detroit, Mich. (Behrendt & Behrendt, of Detroit, Mich., on the brief), for plaintiffs in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and N. J. Morrison, Sp. Asst. Atty. Gen. (H. R. Gamble, Sp. Asst. Atty. Gen., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an indictment for conspiracy to transport intoxicating liquor without the required permit, in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

The defendants indicted were Louis Horowitz, S. Abramson, H. D. Barwick, and Stanley Wakeley. The overt acts alleged in pursuance of the conspiracy included the bringing from the Bahama Islands into Palm Beach county, Fla., of a quantity of intoxicating liquor, the packing of it in orange boxes, and the shipping of it as grape fruit. Several railroad bills of lading were introduced in evidence. Some of them purported to be signed by Barwick, and some by Horowitz, and a witness, who qualified as an expert on handwriting, testified that in his opinion the signatures were genuine. There was a severance as to Wakeley, and he testified that he made three trips with Horowitz to the Bahama Islands, that on each trip they brought back intoxicating liquor and landed it in Palm Beach county, near Jupiter, and that it was then delivered to a packing house, where it was packed and loaded for shipment on railroad cars. There was not much evidence against Barwick, and he was acquitted at the direction of the trial court, but the bills of lading bearing his name were not withdrawn from the consideration of the jury. It appeared during the trial that Horowitz had appeared in response to a subpœna in another case before the grand jury at Jacksonville, and while there he gave a special agent of the Department of Justice a specimen of his handwriting.

[1] Horowitz and Abramson were convicted, and assign as error the admission in evidence of the bills of lading, and the refusal of the court to direct a verdict in their favor. The question whether the bills of lading were in the handwriting either of Barwick or Horowitz was one to be determined by the jury. It is insisted, however, that when the court directed a verdict for Barwick, the bills of lading should have been withdrawn, or the jury instructed not to consider them, because, it is said, the jury might have been influenced in their verdict by this evidence, and that it is impossible to determine that a verdict would have been based upon the other overt acts. But it is clear that the jury could not have convicted solely because of the bills of lading. They were bound to believe that the overt acts of bringing the liquor into Palm Beach county had been committed.

It is at least doubtful that the court instructed the jury to acquit Barwick because of a failure to prove the genuineness of his signature, rather than because the evidence of his connection with the conspiracy was slight. There was sufficient evidence to war-

rant a conviction of the defendants who have sued out this writ of error. It was for the jury to determine its weight.

We would be justified in refusing to consider contentions, made for the first time in this court, that both Horowitz and Abramson were entitled to a directed verdict, on the ground that they appeared as witnesses before the grand jury at Jacksonville, and were protected from prosecution by section 30 of the National Prohibition Act. That section requires testimony under oath as a condition precedent to protection against a subsequent prosecution. The motion to direct a verdict was joint, and there is not the slightest evidence that Abramson appeared before the grand jury. As to Horowitz, it does not appear that he testified with reference to this case, or even that he was placed under oath. There is therefore no basis for the contention now made.

[2] It is suggested that there was error, also, in reopening the case and permitting the government to introduce additional evidence; but that was a matter within the trial court's discretion.

The judgment is affirmed.