## MOSHEIK v. UNITED STATES.

### No. 6614.

Circuit Court of Appeals, Fifth Circuit.

Feb. 25, 1933.

Rehearing Denied April 1, 1933.

W. L. Scott, of Fort Worth, Tex., for appellant.

C. W. Johnson, Jr., U. S. Atty., and Alfred Crager, Asst. U. S. Atty., both of Fort Worth, Tex.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was indicted, together with one Cooper and three other named persons, for violations of section 29 U. S. Criminal Code (18 USCA § 73). Appellant and Cooper were convicted. The others were acquitted. Cooper is not a party to this appeal. Error is assigned to the overruling of a demurrer to the indictment and to the refusal of the court to direct a verdict for defendant at the close of the evidence.

The indictment is in fourteen counts, all practically identical. Omitting formal parts, the first count charges that the named defendants had in their possession a certain government obligation, to wit, a Liberty Loan bond of the Fourth Liberty Loan (with further descriptions as to the identity of the bond) and, with the intent of enabling one Joe B. Wills and his assigns to fraudulently obtain and receive from the United States the sum of money represented by the said bond, to wit, $50, did unlawfully, willfully, knowingly, and feloniously forge, and cause and procure to be forged, and willingly aid and assist in forging, upon the back of said bond above described in the space provided for the transfer of the same, a certain material indorsement and the signatures, to wit, "John M. Fountain, Sr.," and "Syrena Fountain," in violation of section 73, title 18, United States Code Annotated. A copy of the described bond was incorporated in the count, and showed that it was registered and payable to John M. Fountain, Sr., and Syrena Fountain or the survivor. On the reverse of the bond was the following:

"Transfer.

"For value received we assign to ———— the within registered bond of the United States and hereby authorize the transfer thereof on the books of the United States Treasury Department. John M. Fountain, Sr.—Syrena Fountain."

The word "We" and the signatures were inserted in writing. The form of assign-

ment provided for an acknowledgment by the assignors to be executed before certain designated officers, as set out in a note in the margin..

Section 73, so far as material, provides: "Whoever shall falsely make, alter, forge, or counterfeit, or cause or procure to be falsely made, altered, forged, or counterfeited, or willingly aid, or assist in the false making, altering, forging, or counterfeiting, any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States, or any of their officers or agents, any sum of money. * * * "

It is contended that merely signing the names of the payees to transfer the bond was not a forgery of the indorsement; that, unless the assignment purported to be properly acknowledged, it would be ineffectual to transfer the bonds; that therefore the United States could not be defrauded. We think the false insertion of the names in the form of indorsement printed on the bonds was a complete forgery of "a writing" prohibited by the statute. The name of the assignee could be inserted by any one to whom the bond might be delivered. The acknowledgment would be a different writing. We are not dealing with the common-law crime of forgery, and definitions of that offense are not necessarily applicable. The indictment was sufficient. Meadows v. U. S. (C. C. A.) 11 F. (2d) 718; Prussian v. United States, 282 U. S. 675, 51 S. Ct. 223, 75 L. Ed. 610.

Joe B. Wills, named in the indictment, was sworn as a witness on the trial. His testimony tended to show the following facts: That the defendants came to him in Fort Worth and discussed with him the disposal of the bonds; that the bonds were brought to his office by Mosheik and Cooper; that later he discovered they were registered bonds and had not been indorsed; that Cooper and Mosheik again called on him, and he informed them that the bonds were made payable to certain people, were registered bonds, and had to be indorsed; that Mosheik replied that that was easy, and he would attend to it; that Mosheik then indorsed the bonds and gave them back to him; that his understanding with defendants was that he would sell the bonds for them, and they would receive 35 cents on the dollar of their par value.

This evidence, if believed by the jury, was sufficient to support the verdict. It is therefore unnecessary to discuss the other evidence appearing in the record. The motion to direct was properly denied.

There are other assignments of error, but they are so clearly without merit as to require no discussion.

The record presents no reversible error. Affirmed.