## BUCKNER v. ADERHOLD, Warden.
### No. 7466.

Circuit Court of Appeals, Fifth Circuit.
Oct. 27, 1934.

256

Walker B. Buckner, of Alcatraz, Cal., in pro. per.

Lawrence S. Camp, U. S. Atty., Ike K. Hay, Asst. U. S. Atty., and H. T. Nichols, Sp. Atty., all of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing an application for a writ of habeas corpus to discharge appellant from the custody of the warden of the United States Penitentiary at Atlanta, Ga.

The petition alleges that appellant pleaded guilty to an indictment returned in the United States District Court for the Northern District of Georgia charging violations of sections 148 and 151, Criminal Code (title 18 USCA §§ 262, 265) by forging and uttering two checks on the Treasurer of the United States, and it is contended the indictment does not charge a violation of the said statutes.

The indictment, a copy of which appears in the record, shows four counts. Omitting formal parts, the first count charges that Buckner did "with intent to defraud the United States, and for the purpose of obtaining and receiving from the Treasurer of the United States a sum of money, to wit, One Hundred Fifteen Dollars ($115.00), wilfully, knowingly, feloniously and falsely make, forge and counterfeit a certain writing, to wit, a writing purporting to be signed by one A. Gyall, and payable to R. G. Taylor, which said writing then and there purported to be a check drawn on the Treasurer of the United States for the pay roll of the Coast and Geodetic Survey. * * *" The check with the indorsement on the reverse is set out in full in the count. The second count charges that Buckner did knowingly and feloniously utter and publish the said check as a genuine and true obligation of the United States to and upon the W. Z. Turner Luggage Company at Atlanta, Ga. The third count charges the forgery of a similar check for the amount of $125, while the fourth count charges the publishing and uttering of that check upon the George Muse Clothing Company of Atlanta, Ga.

Appellant relies upon the decision in Prussian v. U. S., 282 U. S. 675, 51 S. Ct. 223, 75 L. Ed. 610, to support his contention that the indictment does not charge an offense. In the Prussian Case it was held that forging an indorsement on a government draft was not forging an obligation of the United States, but the conviction was sustained on the ground that the forging of the indorsement was the forging of a writing and an offense under section 29 Criminal Code (title 18 USCA § 73). We so held in Mosheik v. U. S., 63 F. (2d) 533, in respect of the forgery of an indorsement on a registered Liberty Loan bond. Furthermore, forgery of the entire check is charged, not merely of the indorsement, and it is specifically charged as the forgery of a writing. The indictment does not purport to be drawn under any particular statute. If it did, that would be immaterial, if the facts alleged showed the violation of any other statute. Williams v. U. S., 168 U. S. 382, 18 S. Ct. 92, 42 L. Ed. 509. The indictment is sufficient to charge a violation of section 29, Criminal Code (18 USCA § 73).

Section 29 Criminal Code imposes a maximum penalty of a fine of $1,000 and imprisonment of not more than 10 years for forging a writing for the purpose of obtaining or receiving from the United States or any of its officers or agents any sum of money or for uttering or publishing such false writing as true. A general sentence of a fine of $1,000 and imprisonment for the term of ten years was imposed on the indictment. The record leaves no doubt that the sentence is valid.

It is contended by appellant that the checks were identified by Symbol 85-234 and that Gyall was not authorized to sign the checks under that symbol but Glenn W. Moore was and therefore, in issuing checks improperly signed, he was not guilty of intent to defraud the United States. Documents submitted to the court tend to show that appellant made efforts in vain to obtain the checks or certified copies of them, together with other evidence, to prove this allegation. We notice this in passing merely because of his earnestness in pressing the question. It is sufficient to say that the writ of habeas corpus may not take the place of a writ of error. It is now too late to show that the person held out as signing the checks was not authorized to do so. That question was foreclosed by appellant's plea of guilty.

Affirmed.