## LUTCH et al. v. UNITED STATES.
### No. 7468.

Circuit Court of Appeals, Ninth Circuit.

Nov. 26, 1934.

Revelle, Simon & Coles, of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Owen P. Hughes, Asst. U. S. Atty., of Tacoma, Wash., for the United States.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

■ This appeal is from a judgment of conviction of appellants under an indictment in five counts, two of which (Nos. II and III) charge a violation of the internal revenue laws, and the other three of which (Nos. I, IV, and V) charge a violation of the National Prohibition Act. Appellants contend that the conviction and sentence covering counts I, IV, and V of the indictment should be reversed and the cause remanded to the District Court, with direction to vacate that portion of the judgment and dismiss counts I, IV, and V, in view of the recent decision of this court in Green v. United States, 67 F.(2d) 846, and the United States Supreme Court decisions in the case of U. S. v. Cham-

bers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510, decided February 5, 1934, and Massey v. U. S., 291 U. S. 608, 54 S. Ct. 532, 78 L. Ed. 1019, decided March 12, 1934. We agree with this contention as to the counts of the indictment charging a violation of the National Prohibition Act (27 USCA), namely, counts I, IV, and V.

There is no assignment or specification of errors set out in appellants' brief, but, in an assignment of errors in the transcript of record signed by defendants' attorney, it is claimed that the court erred in allowing the government to reopen its case after both defense and government had rested in order to put in evidence that defendant William Andrews' true name was Soderstrom. There is nothing in this assignment, as it is within the discretion of the trial court as to whether the case shall be reopened to receive new evidence. It was competent to show that the appellant was living under an assumed name at the time he engaged in the distilling business. See Jones Commentaries on Evidence, vol. 2, p. 575, § 287; Underhill on Evidence (3d Ed.) § 201; State v. Clark, 160 Iowa, 138, 140 N. W. 821.

The other assignments go to the question of whether or not there was sufficient evidence to submit the case to the jury.

The testimony in the case shows that on November 15, 1932, several federal agents, armed with a proper search warrant, surrounded a certain barn and arrested the defendant Lutch. In the barn was a distillery of 1,000 gallons capacity in operation. Appellant Lutch admitted ownership of the still, and stated, "We just got going good."

The next morning at about 9:30 appellant William Andrews was arrested as he drove a GMC truck onto the premises. The said truck contained six tons of corn and cane sugar and four empty steel drums. After his arrest the appellant William Andrews was taken by the arresting officers to the barn housing the distillery, where he walked to a box on the wall and made a search for cigarettes which had been contained therein. Appellant Andrews asked where the cigarettes were, and was informed that appellant Lutch had taken them. This is sufficient evidence to present to the jury.

Reversed and remanded, with directions to dismiss as to counts I, IV and V. Affirmed as to counts II and III.