**BUCKNER v. HUDSPETH, Warden.**

No. 1711.

Circuit Court of Appeals, Tenth Circuit.

June 20, 1939.

John B. Dudley, Jr., of Oklahoma City, Okl., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Walker B. Buckner, hereinafter called petitioner, was charged by an indictment returned in the District Court of the United States for the Eastern District of Louisiana with passing, uttering, and publishing a forged, counterfeited, and altered obligation of the United States. He entered a plea of guilty thereto and was sentenced to serve a year and a day in the United States Penitentiary at Atlanta, Ga., and pay a fine of $115. The term of imprisonment was to commence on March 22, 1933, the date the sentence was imposed.

An indictment against petitioner containing four counts was returned in the District Court of the United States for the Northern District of Georgia. The first count charged that petitioner, with intent to defraud the United States and for the purpose of obtaining money from the Treasurer of the United States, did falsely make, forge, and counterfeit a certain writing purporting to be signed by one A. Gyall and payable to R. G. Taylor and that such writing purported to be a check drawn on the Treasurer of the United States for the payroll of the Coast and Geodetic Survey. The second count charged that petitioner with intent to defraud the United States did utter and publish the writing described in the first count as a true and genuine obligation of the United States. The third count charged that petitioner, with intent to defraud the United States and for the purpose of obtaining money from the Treasurer of the United States, did make, forge, and counterfeit a certain writing purporting to be signed by one A. Gyall and payable to R. G. Taylor and that such writing purported to be a check drawn on the Treasurer of the United States for the payroll of the Coast and Geodetic Survey. The fourth count charged that petitioner with intent to defraud the United States did utter and publish the writing described in the third count as a true and genuine obligation of the United States.

Petitioner entered a plea of guilty to the indictment and was sentenced to imprisonment for a term of ten years and to pay a fine of $1000, the sentence of imprisonment to commence on the date petitioner was committed to jail or other place of detention to await transportation to the penitentiary.

He was committed to the United States Penitentiary at Atlanta, Ga. While there incarcerated he filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Georgia. A judgment denying the writ was affirmed on appeal. See Buckner v. Aderhold, 5 Cir., 73 F.2d 255, 256. In that case, the petition challenged the sufficiency of the indictment returned in the Georgia District on the ground Gyall was not authorized to sign the checks and they were not obligations of the United States.[1]

[1] In passing on the sufficiency of the indictment the court said:

"Appellant relies upon the decision in Prussian v. U. S., 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610, to support his contention that the indictment does not charge an offense. In the Prussian Case it was held that forging an indorsement on a government draft was not forging an obligation of the United States, but the conviction was sustained on the ground that the forging of the endorsement was the forging of a writing and an offense under section 29 Criminal Code (title 18 U.S.C.A. § 73). We so held in Mosheik v. U. S., [5 Cir.] 63 F.2d 533, in respect of the forgery of an indorsement on a registered Liberty Loan bond. Furthermore, forgery of the entire check is charged, not merely of the indorsement, and it is specifically charged as the forgery of a writing. The indictment does not purport to be drawn under any

particular statute. If it did, that would be immaterial, if the facts alleged showed the violation of any other statute. Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509. The indictment is sufficient to charge a violation of section 29, Criminal Code (18 U.S.C.A. § 73).

"Section 29 Criminal Code imposes a maximum penalty of a fine of $1,000 and imprisonment of not more than 10 years for forging a writing for the purpose of obtaining or receiving from the United States or any of its officers or agents any sum of money or for uttering or publishing such false writing as true. A general sentence of a fine of $1,000 and imprisonment for the term of ten years was imposed on the indictment. The record leaves no doubt that the sentence is valid.

"It is contended by appellant that the checks were identified by Symbol 85-234

Thereafter, petitioner was transferred to the United States Penitentiary at Leavenworth, Kansas. While there confined he filed a petition for habeas corpus in the United States District Court for the District of Kansas. This is an appeal from a judgment denying the writ.

■ In his petition he challenged the sufficiency of the indictment in both cases. The sentence under the first indictment having been fully served, the question as to the sufficiency of that indictment is moot.

Petitioner asserts that Gyall was not authorized to sign the checks described in the several counts of the indictment returned in the Georgia District, that such fact refutes an intent to defraud the United States, and that the checks were not obligations of the United States, and, therefore, counts one and three fail to charge offenses under 18 U.S.C.A. § 262, and counts two and four fail to charge offenses under 18 U.S.C.A. § 265.

18 U.S.C.A. § 261 in part reads as follows:

"The words 'obligation or other security of the United States' shall be held to mean * * * checks, or drafts for money, drawn by or *upon* authorized officers of the United States." (Italics ours.)

■ The checks involved in the several counts of the indictment purported to be drawn upon the Treasurer of the United States and were, therefore, drawn upon an authorized officer of the United States and constituted an obligation of the United States.

■ The contention that there was no intent to defraud the United States, because the person whose name purported to be signed to the check was a fictitious person and was not authorized to draw the checks is foreclosed by the averments of the indictment and petitioner's plea of guilty thereto. See Buckner v. Aderhold, supra. Furthermore, to constitute forgery the name alleged to be forged need not be that of any person in existence. It may be wholly fictitious if the instrument is made with intent to defraud and shows on its face that it has sufficient efficacy to enable it to be used to the injury of another.[2]

■ Moreover, counts one and three of the indictment sufficiently charged an offense under 18 U.S.C.A. § 73 and the sentence was within the penalty provided for a violation of that section. See Buckner v. Aderhold, supra; Prussian v. United States, 282 U.S. 675, 679, 680, 51 S.Ct. 223, 75 L.Ed. 610; Mosheik v. United States, 5 Cir., 63 F.2d 533.

■ Petitioner asserts that the indictment was predicated on 18 U.S.C.A. §§ 262 and 265, and that the sentence was imposed under those sections, whereas the indictment charged an offense under 18 US.C.A. § 73. He predicates this on the endorsement affixed to the indictment and the clerk's marginal notes on the sentence. The endorsement on the indictment is no part of the indictment and neither adds to nor weakens the legal force of its averments. If the indictment charged an offense under Section 73, supra, it is sufficient, although the United States Attorney in drawing the indictment may have intended to charge an offense under Sections 262 and 265, supra. Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509.

The sentence proper makes no reference to the penal sections under which it was imposed. The references to Sections 262 and 265, supra, are set forth in a marginal note, presumably written by the clerk of the court. They are no part of the sentence.

■ Moreover, we hold that the indictment sufficiently charged offenses under Sections 262 and 265, supra.

It follows that the sentence imposed was valid. The judgment is affirmed.

---

and that Gyall was not authorized to sign the checks under that symbol but Glenn W. Moore was and therefore, in issuing checks improperly signed, he was not guilty of intent to defraud the United States. * * * It is sufficient to say that the writ of habeas corpus may not take the place of a writ of error. It is now too late to show that the person held out as signing the checks was not authorized to do so. That question was foreclosed by appellant's plea of guilty."

[2] Meldrum v. United States, 9 Cir., 151 F. 177, 181;

Logan v. United States, 6 Cir., 123 F. 291;

United States v. Turner, 7 Pet. 132, 136, 137, 8 L.Ed. 633;

Ex parte Hibbs, D.C., 26 F. 421, 434.