## UNITED STATES v. AGRESTI.
### Criminal No. 38344.

District Court, E. D. New York.
May 22, 1941.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Mario Pittoni, Asst. U. S. Atty., of Lynbrook, N. Y., of counsel), for plaintiff.

Russell, Shevlin & Russell, of New York City (Matthew J. Shevlin, of New York City, of counsel), for defendant.

ABRUZZO, District Judge.

This is a motion for an order dismissing, setting aside and quashing the indictment against the defendant.

The indictment was handed up by the March, 1941, Grand Jury. In it, the defendant is charged with conspiracy in bankruptcy in violation of subdivision b(1) of Section 52 of Title 11 U.S.C.A. The indictment alleges five overt acts. The second count of the indictment charges the defendant with concealment of assets in violation of Title 11 U.S.C.A. § 52 subdivision b(1).

The motion is based upon five grounds, namely: (1) That the matters contained therein (in the indictment) have been adjudicated; (2) that defendant, Joseph Agresti, was never declared a bankrupt in any bankruptcy proceeding, nor was any trustee appointed for him; (3) that the indictment fails to state a crime; (4) that the defendant, Joseph Agresti, has been placed in double jeopardy; and (5) for such other and further relief as the Court may deem just and proper in the premises.

It appears that this defendant was tried on February 17, 1941, under an indictment found in October, 1939. That indictment charged the defendant with conspiracy in bankruptcy, alleging five overt acts. The second count of the same indictment charged concealment of assets in violation of subdivision b(1), Section 52, Title 11 U.S.C.A. After the opening by the United States Attorney, a motion was made for dismissal of the indictment and this motion was granted.

It appears that one Marrone, a barber, opened an Italian grocery store and subsequently an involuntary petition in bankruptcy was filed against Marrone and he was adjudicated as such in this Court. The theory of the government's indictment is that the defendant, Agresti, was the real owner of the grocery store and used Marrone's name as a subterfuge, and while an involuntary petition in bankruptcy was filed against Marrone, the store in fact belonged to the defendant, Agresti.

The United States Attorney, upon the motion to dismiss on February 17, 1941, stated as follows:

"The Court: You claim that the assets were Agresti's?

"Mr. Lyons: That is right. I charge Agresti with the concealment of assets which belonged to Marrone.

"The Court: If you take the position that the assets were Marrone's and that Agresti aided and abetted in a conspiracy with Marrone to conceal it, that would be entirely different from your indictment.

"Mr. Lyons: The indictment does not charge that. The indictment charges the assets were the assets of the estate.

"The Court: That is Marrone.

"Mr. Lyons: Exactly. We charge this man Marrone conspired to conceal the assets that belonged to that estate. We charge that this defendant, Agresti, had conspired to conceal the assets which properly belonged to a certain estate of the bankrupt which was administered in the Court.

"The Court: If you did it in the way you just said it, I think your indictment might have been good but you have gone out of the way: you have charged that the property is Agresti's; that Marrone was improperly adjudged a bankrupt, and that the property is not the property of Marrone. It is the property of Agresti and that Agresti has concealed the bankrupt's property from the bankrupt's estate." Pp. 11 and 12 of Record, Exhibit B.

"The Court: I shall grant the motion to dismiss and I discharge you, Agresti, * * *." P. 15 of Record, Exhibit B.

18

The Court did not direct a verdict of acquittal · but dismissed the indictment on technical grounds. There was no witness sworn before the dismissal and the defendant's attorney did not open his case to the jury. The dismissal was not on the merits.

The first indictment alleged that the property concealed belonged to Alphonse Marrone and it was fatal to the government's case when the United States Attorney stated that the property was Agresti's.

The new indictment points out that the property, which was the object of concealment, at all times belonged to Joseph Agresti, otherwise known as Alphonse Marrone, and to some extent there is a difference between the two indictments.

■■ There is no merit to the contentions that (1) the matters contained in the indictment have been adjudicated; (2) that defendant, Joseph Agresti, was never declared a bankrupt in any bankruptcy proceeding, nor was any trustee appointed for him; or (3) that the indictment fails to state a crime. The claim as to whether or not the defendant has been placed in double jeopardy is contentious and if sustained the indictment must be dismissed.

Amendment V of the Constitution of the United States provides as follows: "* * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; * * *." Constitution, U.S. C.A.

What constitutes double jeopardy under the circumstances depends upon whether or not the defendant comes within this amendment as set forth in the Constitution.

In Poffenbarger v. United States, 8 Cir., 20 F.2d 42, the defendant in the first indictment was charged with taking, stealing and carrying away certain mail bags, described with great particularity. In the second indictment, the defendant was charged with having unlawfully, willfully and feloniously abstracted mail from the mail bags specifically described and numbered in the first indictment. The Court held that as the crimes were separate and distinct from each other there was no double jeopardy upon a trial of the second indictment.

In Simpson v. United States, 9 Cir., 229 F. 940, 943, the plea of former jeopardy was based on the fact that a previous indictment had been returned against the defendants charging the same crime, but omitting to charge that the certificate of deposit was issued and put forth "without authority from the directors". After the close of the testimony and the arguments to the jury, one of the counsel for the defendants suggested to the Court that the indictment was bad because it omitted the clause in question. Whereupon, the Court discharged the jury and remanded the defendants to abide the action of another Grand Jury. There was no acquittal on the merits and it did not bar a subsequent prosecution.

■ Neither under the decision of the Supreme Court, nor under any other authority that has been called to the Court's attention, will a prosecution on a defective indictment, without an acquittal on the merits, bar a subsequent prosecution. The dismissal of an indictment by the Court, before submission of the case to the jury, but after they were sworn, on the ground that it did not charge a crime, will not support a plea of former jeopardy to a second indictment for the same offense attempted to be charged in the first. See United States v. Rogoff, C.C., 163 F. 311.

■ It is difficult to see how a dismissal of an indictment on technical grounds before the case was submitted to the jury can be said to have placed the defendant in double jeopardy.

Motion by the defendant denied. Settle order on notice.