JOHNSON v. WARDEN, United States Penitentiary, McNeil Island, Washington.
No. 10302.

Circuit Court of Appeals, Ninth Circuit.

Feb. 26, 1943.

Writ of Certiorari Denied June 1, 1943.

See 63 S.Ct. 1320, 87 L.Ed. ——.

George D. Spohn, John S. Best, Edmund B. Shea, and Carl F. Mikkelson, all of Milwaukee, Wis. (Lecher, Michael, Whyte & Spohn, of Milwaukee, of counsel), for petitioners.

Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, and Arthur A. Armstrong, Asst. Attys. Gen., and J. P. Wenchel, John M. Morawski, and John W. Smith, Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

Johnnie Johnson, of McNeil Island, Wash., in propria persona.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., Harry Sager, Asst. U. S. Atty., of Tacoma, Wash., and Gerald D. Hile, Asst. U. S. Atty., of Seattle, Wash., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from an order sustaining a demurrer to a petition for a writ of habeas corpus and dismissing the petition.

In April 1937 appellant pleaded guilty to an indictment containing six counts. Counts two to six charged the felonious passing and utterance of forged prescriptions for a narcotic drug, namely, morphine sulphate, with intent to defraud the United States, the prescriptions being allegedly presented to and filled by a druggist at Portland. Count one charged a conspiracy to execute, forge and utter prescriptions calling for the sale of this drug without payment of any tax.

On the plea of guilty the court imposed a sentence of two years on the conspiracy count and sentences of ten years on each of the other five counts, the latter to run concurrently with each other but consecutively with the two-year sentence on the conspiracy count. In the caption of the indictment appeared the legend "Indictment for Violation of Sections 88 and 72, Title 18, U.S.C.A." The conspiracy statute, 18 U.S.C.A. § 88, concededly authorizes the two-year sentence. The other statute mentioned, 18 U.S.C.A. § 72, Criminal Code § 28, provides a maximum penalty of ten years; so the sentences imposed under counts two to six were proper if the offenses charged were indictable under that statute.

It is appellant's contention, however, that the substantive counts charged violations of provisions of the Internal Revenue Code, and that the punishment prescribed therefor is that declared by §§ 3793(a) and 2557(b) of Title 26 U.S.C.A. Int.Rev. Code.[1] These provide maximum penalties of five years. Hence it is claimed that the concurrent ten-year sentences imposed on counts two to six are each in excess of that authorized by law. The argument, as we understand it, is that §§ 3793(a) and 2557(b) are specific statutes relating immediately to the offenses charged, and that in effect they supersede the more general statute mentioned in the indictment.

Section 28 of the Criminal Code makes it an offense for any person to "utter or publish as true, or cause to be uttered or published as true, or have in his possession with the intent to utter or publish as true, any * * * false, forged, altered, or counterfeited bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit, or other writing, for the purpose of defrauding the United States * * *." We entertain no doubt that a forged physician's prescription for narcotics falls within the meaning of the phrase "other writing" as used in that statute. It was said in Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610, that the words "other writing" as used in a companion statute, § 29 of the Criminal Code, 18 U.S.C.A. § 73, were included for the purpose of extending the penal provisions of the statute to all writings of every class if forged for the purpose of defrauding the United States.

It is well settled that in order to establish a purpose to defraud the United States, within the contemplation of § 28 of the Criminal Code, it is not necessary to prove that the government would thereby suffer a pecuniary loss. It is enough that the unlawful activity be engaged in for the purpose of frustrating the administration of a statute, or that it tends to impair a governmental function.[2] By 26 U.S.C.A. Int.Rev.Code, § 2554 it is made unlawful for any person to sell or give away any narcotic drugs except in named circumstances, one of which is upon prescription issued by a registered physician, dentist, or veterinary surgeon. It is obvious that the utterance of a forged prescription tends directly to frustrate the laws of the United

---

[1] The sections mentioned in the petition are §§ 1693(a) and 1047(b) of Title 26, the statutes being thus numbered in the older code. So far as material here, the sections are the same as those contained in the previous codification.

[2] United States v. Tynan, D.C., 6 F.2d 668; United States v. Goldsmith, 2 Cir., 68 F.2d 5, and cases there cited. Consult also Buckner v. Aderhold, 5 Cir., 73 F.2d 255, and Mosheik v. United States, 5 Cir., 63 F.2d 533.

States relating to the dispensing of narcotics.

A reading of §§ 3793(a) and 2557 (b) of Title 26 U.S.C.A. Int.Rev.Code, discloses that they, no less than § 28 of the Criminal Code, are general rather than specific statutes. Section 3793(a) provides that "every person who—simulates or falsely or fraudulently executes or signs any bond, permit, entry, or other document required by the provisions of the internal revenue laws, or by any regulation made in pursuance thereof, or procures the same to be falsely or fraudulently executed, or advises, aids in, or connives at such execution thereof—shall be imprisoned," etc. Section 2557(b), which is found in Subchapter A of Chapter 23 of the Internal Revenue Code, contains eight subparagraphs, none of which mentions the forging or the utterance of a forged prescription. While it may be assumed that the substantive charges to which appellant pleaded guilty might, at the option of the grand jury, have been predicated on these two statutes, we think those statutes were not intended to supersede or to displace § 28 of the Criminal Code. Compare Demaurez v. Squier, 9 Cir., 121 F.2d 960.

Attached to the petition for the writ was a copy of the indictment. The insufficiency of the petition was apparent on its face and the demurrer was properly sustained.

Affirmed.