## HAUGEN v. UNITED STATES.

### No. 11063.

Circuit Court of Appeals, Ninth Circuit.

Feb. 13, 1946.

Robertson & Smith and Del Cary Smith, Jr., all of Spokane, Wash., for appellant.

Edward M. Connelly, U. S. Atty., and Harvey Erickson, Asst. U. S. Atty., both of Spokane, Wash., for appellee.

Before DENMAN, STEPHENS and BONE, Circuit Judges.

DENMAN, Circuit Judge.

Appellant Haugen appeals from a judgment in a jury waived case sentencing him upon conviction of three counts of an indictment for violation of Sections 72 and 73 of Title 18 U.S.C., 18 U.S.C.A. §§ 72, 73, in which he is charged with making, forging, counterfeiting, uttering, publishing, and possession of obligations of the United States and other writings.

The first error assigned is the denial of one of his two pleas of prior jeopardy. There had been a prior indictment filed June 14, 1944, to which Haugen pleaded not guilty. The case proceeded to the opening statement of the prosecution. A demurrer then was interposed by Haugen to that indictment on the ground that it did not state facts sufficient to constitute any crime. The district court sustained Haugen's demurrer.

█ Haugen claims that he cannot now be tried upon the instant indictment, filed August 11, 1944, because of the prior proceeding upon the indictment he sought and obtained a ruling that it charged no offense. There is no merit in the contention. Haugen does not now assert that the first indictment validly charged the same crimes as these upon which he has been convicted. He could not if he would so blow hot and cold.[1] One is not in jeopardy because proceeded against under a purported indictment charging no offense.[2]

█ In the instant case, the trial proceeded to the closing of the government's case, when it rested. The defense did likewise. The parties briefed the question whether secondary evidence of certain facts respecting the provisions of a government contract, later considered, should have been admitted. The evidence was necessary for conviction. The court filed an opinion, stating:

"* * * Therefore, it seems not unreasonable to me to require that such secondary evidence be supplied by one trained in the art of drawing and construing contracts.

"Since the plaintiff has failed to present the best evidence available to it, I am forced to conclude that I should have sustained the objection to the introduction of such testimony. That being true, it is my duty now to disregard it. Without such evidence, plaintiff has failed to sustain its burden of proving that the Olympic Commissary was an agency of the United States and that the counterfeiting of its meal tickets was calculated to defraud the United States. Therefore, the action must be dismissed." D.C., 58 F.Supp. 436, 440.

This was followed by no finding of not guilty nor was anything done with respect to dismissing the indictment. Five days later the prosecution moved to reopen the case and proposed to submit the evidence which the court stated in its opinion "it seems not unreasonable to * * * require." The motion was granted and the trial proceeded.

Haugen claims that the statements of the opinion are equivalent to a finding of not guilty; that the trial had been concluded thereby and that the court was no more entitled to reopen it for further evidence than if there had been a similar jury verdict. If Haugen's contention be correct, his plea of former jeopary seems supported

[1] United States v. Jones, C.C., 31 F. 725, 728.

[2] Amrine v. Tines, 10 Cir., 131 F.2d 827, 834; Wolkoff v. United States, 6 Cir., 84 F.2d 16, 17; United States v. Agresti, D.C.E.D.N.Y., 39 F.Supp. 16.

by Ball v. United States, 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed 300.

We do not agree. The opinion does not purport to be a finding of not guilty. It is no more determinative than if jurors had reported to the court that they were of the opinion that there was insufficient evidence to convict and hence the indictment must be dismissed. In that event the jurors would have been instructed by the court to bring in a verdict, coupled with an instruction that if such was their opinion of the evidence they properly could bring in a verdict of not guilty. On return to the jury room they well may have reconsidered and brought in a valid verdict of guilty. No such finding of not guilty having been made here, it was within the discretion of the trial court to reopen the case after submission by both parties.[3]

The first count of the indictment charged in substance that Haugen on the 19th day of April, 1944, at Hanford, County of Benton, in the Southern Division of the Eastern District of Washington, knowing the same to be false, fraudulent and counterfeit had in his possession, with intent that they be uttered and put off as true, approximately 966 counterfeit meal tickets purporting to have been issued by the Olympic Commissary Company, a corporation, which was at the time an agency of the United States and the Army Engineers Corps engaged in the construction of a defense project at Hanford; that the Olympic Commissary was to furnish and dispense meals to workmen; that the food and supplies from which the meals were prepared were the property of the United States; that the proceeds of the tickets validly issued by the Commissary Company became the property of the United States, and the counterfeit tickets possessed by Haugen were not printed, sold or authorized by the United States, the Commissary Company, or any lawful representative of either, but were ordered and purchased by Haugen from a private printer and were intended to be used by Haugen and others for the purchase of food and meals from the Olympic Commissary Company without lawful payment and with intent to defraud the United States.

Count two charges the sale of six of the counterfeit tickets to one J. L. Holloway,

and count three charges the sale of one of such tickets to R. P. McDonald. Each of said counts contained the allegation that such act was with intent to defraud the United States.

It is not questioned here that appellant was a counterfeiter and forger of the meal tickets and that he had possessed them and sold some as charged in the second and third counts. The main contention concerns the intent to defraud and the defrauding of the United States. This depends upon whether the Olympic Commissary Company was a government agency in the secret defense project at Hanford, State of Washington, where there was a vast undertaking for the creation of fission in uranium derivatives from which an atomic bomb could be made.

The prosecution showed that the contract of the government with the E. I. Dupont de Nemours Co., a prime contractor with a large number of employees engaged in the project, and that with the Olympic Commissary Company for feeding them, had been made secret under the orders of the War Department. There is no question as to the legality of the orders of secrecy. Haugen objected to the introduction of the secondary evidence of the contents of the Olympic Commissary contract by Lt. Col. Ralph G. Cornell, a lawyer and legal adviser to the Chief Engineer of the United States Army at Washington, D. C., who had possession of duplicate originals of the contracts while testifying as to portions of their contents.

However, without reservations of his objections on direct examination, Haugen's attorney on cross-examination had Cornell read into the record portions of the contract with the Olympic Commissary Company showing it held, as agent of the United States, material for the meals and proceeds of their sale. It was to obtain such moneys that the meal tickets were counterfeited and sold. On the suggestion of Haugen's attorney, the contract was handed to the court for its consideration.

█ Again it may be said that Haugen cannot blow hot and then cold. Having taken the chance of a benefit to his case in the cross-examination of the witness and in causing the contract to be given to the court, he cannot now complain that

3 United States ex rel. Innes v. Hiatt, 3 Cir., 141 F.2d 664, 667; Lutch v. United States, 9 Cir., 73 F.2d 840, 841; Burke v. United States, 9 Cir., 58 F.2d 739, 741; Horowitz v. United States, 5 Cir., 12 F. 2d 590, 591.

such evidence was the basis of his conviction. If there be error, which we do not think, it is invited error of which Haugen cannot complain.

Though there is ample evidence that Haugen intended to defraud the Olympic Commissary Company in the sale of its meals, Haugen claims that the element of the crime or defrauding the government is not proved because he is not shown to have known that the meals and the moneys collected from their sale were government property. As well could it be claimed of a thief stealing government property from a general warehouse, that he did not know it was government property. There is no merit in this contention. A man is presumed to intend to do what he actually does.[4]

The judgment sentencing appellant is affirmed.

---

[4] United States v. Hall, D.C., 58 F.Supp. 772, 773; Johnson v. Warden, 9 Cir., 134 F. 2d 166.