# ARNETTE et al. v. UNITED STATES.
## No. 5496.

Circuit Court of Appeals, Fourth Circuit.
Nov. 11, 1946.

C. T. McDonald, of Florence, S. C., for appellants.

Henry H. Edens, Asst. U. S. Atty., of Columbia, S. C. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., and Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction on an indictment charging the operation of a liquor distillery in violation of the provisions of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 2810 et seq. The exceptions relate to the refusal of the trial judge to allow more than 10 peremptory challenges to all of the defendants charged, to the ruling which permitted the United States Attorney to propound leading questions to an accomplice introduced by him as a witness and to the ruling which permitted cross examination of one of the defendants as to other violations of the liquor laws of which he had been convicted. Appellants also complain that their connection with the crime charged was established by co-defendants, whose testimony was subject to the suspicion that the law attaches to that of self-confessed accomplices. We find no merit in any of these contentions and no point of sufficient importance to justify discussion in an opinion. The cross examination as to prior conviction was allowed to take a somewhat wider range than would ordinarily be justified, but the defendant admitted the conviction and we cannot see that his case was in any way prejudiced by the cross examination, the scope of which was, in any event, a matter resting very largely in the sound discretion of the trial judge. Counsel for appellants points out that at one point the judge refused to permit him to ask a leading question of one of the defendants who had been introduced as a witness by the prosecution. This was doubtless an inadvertence, since it is no ground for excluding leading questions on cross examination that the witness is favorable to the side of the examiner. It is clear from the record, however, that no prejudice resulted to the defendants from this ruling.

The judgment appealed from will be affirmed.