**Robert V. MEDINA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 15507.

United States Court of Appeals Ninth Circuit.

April 2, 1958.

Rehearing Denied May 22, 1958.

---

Morris Lavine, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Norman W. Neukom, Lloyd F. Dunn, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and CHASE A. CLARK, District Judge.

CHASE A. CLARK, District Judge.

Robert V. Medina and Lawrence Melvin Miles were tried on a charge of murder. Miles was convicted of second degree murder and Medina was convicted of voluntary manslaughter. Miles did not appeal. Medina appeals and assigns as errors:

"I. The evidence is insufficient to support the verdict as to Medina. It is contrary to the law and as to the evidence. The Court should have granted the motion for judgment of acquittal as to Medina and this Court should direct the entry of the judgment of acquittal as to Medina.

"II. The Court erred in the admission and exclusion of evidence:

"(a) The Court erred in permitting the prosecutor to cross examine the defendant regarding details of his prior conviction of felony.

"(b) The Court erred in permitting cross examination of Medina beyond the scope of the direct examination and then permitting purported rebuttal of such facts brought out on cross examination.

"(c) The Court erred in permitting agent Walker to testify regarding the purported statement obtained from Medina and which was the result of prolonged questioning while in special custody and prior to any accusation and arraignment.

"III. The Court erred in giving the so-called Allen instruction after the jury had deliberated for more than a day. This was highly prejudicial for the Court erred in not granting a motion for a new trial on the basis of the juror's affidavit as to reaching a verdict following the Court's giving of the instruction to the jury after it had deliberated for more than a day."

The homicide was the outgrowth of an argument or quarrel in the Federal Correctional Institution at Terminal Island, California.

Medina, Appellant here, Miles and one Sumpter were inmates in the above mentioned institution.

Sumpter was killed, having been stabbed by Miles. There is also evidence that Sumpter was struck on the head by some instrument, according to the evidence it was a hammer. Several of the witnesses were inmates of the institution and there is considerable conflict in the evidence given by these witnesses as to the details of what occurred at the time of the argument and the incident which resulted in the death. However, there is some evidence that about this time Medina had in his hand a ball peen hammer; also that he was heard to say "now is the time to get him". According to some of the evidence this remark was addressed to Miles.

Witness Ridge, Coroner's Physician testified that the cause of death was a stab wound.

The record of the trial consists of ten volumes (over a thousand pages) and we think nothing would be gained by a lengthy statement of facts. As would be expected under the circumstances there were conflicts and contradictions as to the part taken in the altercation, by the appellant Medina.

It is apparent from the record that the case was tried upon the theory that Miles and Medina were joint participants in the acts which led to the death of Sumpter.

The Court instructed fully on the elements necessary to be established in order to warrant a conviction of murder or the included offenses.

■ The Jury heard and saw the witnesses and the verdict reflects their finding. We are of the opinion that the evidence was sufficient to support the verdict.

■ While it might be said that the procedure followed during the trial was not the customary practice in examining a witness as to prior convictions, we find ample authority for such examination. Arnette v. United States, 4 Cir., 158 F.2d 11; Newman v. United States, 5 Cir., 220 F.2d 289. There was no error in permitting such examination.

■ We are also of the opinion that there is no merit in appellant's contention that the Court erred in allowing the Government to reopen its case and permitting F B I agent Walker to testify as to a statement given by Medina. The record discloses Medina admitted being interviewed by the Agent but denied making any statement. The Court properly allowed the case to be reopened for further evidence. This Court so held in Kuhn v. United States, 24 F.2d 910; Lutch v. United States, 73 F.2d 840; Haugen v. United States, 153 F.2d 850. It was proper to allow the Government to show that appellant made statements at another time contrary to statements made on the witness stand.

■ The lower Court properly admitted the testimony of the F B I Agent as to the statement given by Medina at a time he was being held as the evidence here shows that appellant was being lawfully held in the Institution at Terminal Island at the time the statement was taken from Medina. United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48. This is not in conflict with the ruling in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819.

■ ■ As to the assignment of error numbered III. We need only say that this Court has considered the giving of

the so-called "Allen" instruction in a number of cases, the most recent or one of the most recent being Hutson v. United States, 9 Cir., 238 F.2d 167. It is contended by appellant that the motion for new trial should have been granted on the basis of an affidavit of Juror Caroline A. Resch, to the effect that the last instruction (being the one mentioned above) caused her to join in returning a verdict of guilty when she did not believe Medina was guilty. This question has been before the Courts on many occasions. It is well settled that matters affecting the personal feelings or views of a juror, such as set forth in the Resch affidavit should not be received to set aside or overthrow the verdict. As stated in appellee's brief, there is considerable authority that generally jurors should not be questioned after their verdict, and that such questioning is disapproved.

The judgment is affirmed.