BRADY, Justice.
From a jury verdict and judgment in the Circuit Court of Hinds County this appeal is prosecuted. Numerous assignments of error are urged. Those which require consideration will be hereinafter discussed.
The basic facts essential to the determination of this case are as follows. Ap-pellee Raymond Birchett was employed as architect for the construction of an apartment unit for occupancy by members of the *232 faculty of Utica Junior College. Appellee Lee Electric Company was the electrical contractor. The building was completed on January 9, 1960, and accepted and turned over to the trustees of appellant after which it was occupied by members of the faculty and their families.
The apartment unit was a one-story structure comprised of five apartments. Mrs. Ouida Kinnard, a high school music teacher and wife of Arthur H. Kinnard, Dean of Utica Junior College, testified that she and her husband occupied an apartment on the north end of the building. On January 13, 1960, she noticed a flash from behind her electric stove, followed by a noise, and she immediately smelled something which she interpreted to be wires burning. The electric stove and the lights were cut off. She contacted Levi Rogers, superintendent of the building, who went down into the basement and found that the breakers in the switch box had been disconnected. When he reconnected the brakers, the stove and the lights in her apartment came back on. She testified also that every time it rained the lights in the apartment would dim. She said that another flash occurred one week subsequent to the first flash, that the lights went out, that she heard a noise and smelled wires burning and that the stove and refrigerator, which were a joint unit, went off. Again Levi Rogers came to push the breakers back on. This time he experienced some difficulty in having them remain on. Subsequent to the second flash it does not appear that the Kinnards experienced any electrical trouble except that the apartment lights dimmed when it rained.
On January 29, 1960, at around 11:30 in the morning the Kinnards went to their apartment for lunch. Mrs. Kinnard testified that she turned the stove off and left about 12:15. About 2:00 that afternoon a fire in the apartment was discovered, but the fire had reached such proportions that no one was able to recover any belongings from the apartments.
The record discloses that in 1963 suit was entered against the general contractor and appellee Lee Electric Company. What disposition was made of this case is not disclosed. The architect, Raymond Birchett, was not joined in that suit.
In December 1964 the Board of Trustees of Utica Junior College brought this suit against the present appellees on the theory that the fire was caused by an electrical failure which resulted from the negligence of the architect or the electrical contractor, or both, in the construction of the apartment building.
The gravamen of the charge of negligence is that in the installation of the electrical system appellees failed to immobilize the electrical conduit by a guy wire where it entered the apartment through the roof, and that, because of such improper installation, water dripped down through the conduit into the breaker box thereby causing a short circuit to occur. Appellant further contends that the breaker box was improperly installed in that it was placed in a wet location. Appellant urges that the concrete blocks should have been waterproofed with proper paint and because they were not so treated and because of the improper location of the breaker box, moisture entered therein. Appellant contends that these factors caused the insulation on the wires to be burned and the apartment to catch fire.
These charges of negligence were based largely upon the testimony of Levi Rogers, the Kinnards and Mr. Paul Merritt, a consulting engineer. Mr. Merritt testified as an expert witness that in his opinion the aforementioned alleged acts of negligence on the part of appellees caused the short circuit which in turn generated the fire. Mr. Merritt based his conclusions upon an investigation which he made sometime in February, subsequent to the time all debris had been cleared away except in apartments 4 and 5. Mr. Merritt testified that his investigation revealed damage to a gang switch by the entrance of the Kinnard apartment. He also testified that he found *233 a piece of overhead conduit which had eighteen inches to two feet of copper wire hanging out which appeared to have originally been two conductors. The lower twelve inches of that wire were fused together and drawn out to a point. Merritt was of the opinion that a short circuit was caused by that condition and that a thermal fire produced by burning wood would not produce sufficient heat for copper to fuse in the above manner. He testified there was no damage in the vicinity of the switch. In passing, Mr. Merritt stated that in his opinion the fire started at the fused piece of wire, but that it was impossible to say that it was fused before the fire occurred. Merritt testified that he could find no evidence of faulty construction, although he disapproved of the type breaker box used, as well as its location. He stated that in his opinion it was because of the type and location that moisture came into the breaker box permitting the electricity to arc and the short circuit to occur.
A considerable portion of this expert testimony was predicated upon hypothetical questions propounded to Mr. Merritt, some of which were based upon disputed facts .relating to the alleged acts of negligence. The jury resolved these questions of fact in favor of appellees, and we are of the opinion that the evidence is sufficient to justify the jury’s finding.
Appellant properly concedes that the doctrine of res ipsa loquitur does not apply.
We hold there is no merit in appellant’s contention that the lower court abused its discretion in permitting appellees to cross-examine the witnesses respectively offered by them. While some of the questions were leading questions ordinarily asked of an adverse witness, a great many of the questions were such as would be asked of witnesses on direct examination. In the case at bar the stern fact remains that there were two defendants whose duties were completely independent of each other, and there was no privity of contract directly between them. Each of appellees could conceivably have interests which would be adverse to the other. Appellee Birchett could have testified that the fire was caused by the defective materials and workmanship of Lee Electric Company. To the contrary, Lee Electric Company could have testified that its work was carried out in strict compliance with the plans and specifications prepared by Birchett and that the fire was caused by defects in those plans and specifications. For these reasons we do not feel that the trial court abused the latitude which is given it in this regard. United States ex rel. Tenn. Valley Authority v. Robertson, 354 F.2d 877 (5th Cir.1966); Arnette v. United States, 158 F.2d 11 (4th Cir.1946); Klingbeil v. Truesdell, 256 Minn. 360, 98 N.W.2d 134 (1959); Annot., 38 A.L.R.2d 952, 956-957 (1954); McElroy, Miss.Evidence § 151 (1955).
Insofar as the granting of certain instructions is concerned, particularly No. 4, while we do not thoroughly approve of all the instructions granted, we are persuaded to hold that a careful reading of the instructions as a whole reveals that no error was committed for which this cause should be reversed and retired.
Instruction No. 4 provides as follows:
The Court instructs the jury for the defendant, Raymond Birchett, that under the law “negligence” means carelessness and, further, that negligence is the failure of a person to do what a person of ordinary prudence would have done under the same circumstances or doing what a person of ordinary prudence would not have done under the same circumstances.
Appellant contends that the test of negligence is not what a person of ordinary prudence would have done, but what an architect or electrical contractor of ordinary and reasonable professional skill and diligence would have done. We concede that standing alone this instruction could constitute reversible error, but when it is read together with Instructions 6 and 8 given for appellee Raymond Birchett, and *234 Intructions 2 and 5 given for appellee Lee Electric Company, it is clear that the jury was properly instructed as to what constitutes negligence insofar as both appellees are concerned. Illustrative of this is Instruction No. 8, which provides :
The Court instructs the jury for the defendant, Raymond Birchett, that the burden of proof in this case is upon the plaintiff, Utica Junior College, and that the burden of proof, under the law, requires that the plaintiff must show by a preponderance of all the credible evidence and testimony in the case that the fire loss directly and proximately resulted from some alleged failure on the part of the architect to exercise ordinary professional skill and diligence, and thus the plaintiff has the burden to prove by a preponderance of the evidence that the fire would not have occurred at all except by reason of alleged negligence, if any, on the part of Raymond Birchett; and, therefore the Court tells you that if you have considered all of the evidence and the law as given you in these instructions, you find that the plaintiff has failed to meet its burden of proof against the architect, then the Court tells you that under the law it becomes your sworn duty to return your verdict for the defendant, Raymond Birchett.
We have with great circumspection considered all errors assigned. We hold that there is no merit in the contention that the trial court erred in refusing to permit Merritt as an expert witness to explain his theory of causation. The record reflects that the jury was fully advised as to Mr. Merritt’s theory, the possibilities and probabilities, and his reasons for arriving at the conclusion that the fire was an electrical fire caused by negligence. Cole v. Tullos, 228 Miss. 815, 90 So.2d 32 (1956); Ross v. Biggs, 206 Miss. 542, 40 So.2d 293 (1949). We do not feel that the exclusion of such testimony upon the objection of ap-pellees constitutes reversible error or would have changed the verdict of the jury.
In conclusion, it is unnecessary for us to determine whether Lee Electric Company was entitled to a peremptory instruction. Mr. Merritt unequivocably stated that he found no evidence of faulty construction and could not say whether the fusing which he had found occurred before or during the fire. This testimony of Mr. Merritt is particularly significant:
“Q. In fact, your opinion assumes that the fire started at a fused piece of wire, which it is impossible for you to say that it was fused before the fire?
“A. That is correct.
“Q. Then, Mr. Merritt, in all candor, as a professional man, we are speculating, aren’t we?
“A. We can only do that when you look at it that late after an accident.”
This is a well-tried, hard fought case, and the efficient briefs clearly present the legal issues involved. We are compelled, however, to say that the verdict of the jury in favor of appellees and the judgment of the court thereon were not against the overwhelming weight of the evidence and were not manifestly wrong as a matter of law.
For these reasons the judgment of the trial court is affirmed.
Affirmed.
GILLESPIE, P. ]., and RODGERS, JONES and INZER, JJ., concur.