# THE STATE vs. ISAAC SHURTLIFF.

The party whose name is alleged to have been forged, is a competent witness upon the trial, under an indictment for forgery.

On such trial, it is competent to prove by the party attempted to be defrauded, without notice to produce papers, that the defendant had previously brought to him the draft of an instrument which he saw and read, but never executed, and which was different from the deed afterwards brought to him as the same, and as such executed by him.

Where the grantee agreed with the grantor to purchase an acre of his farm, and procured the draft of a deed correctly describing the land agreed to be conveyed, and exhibited it to the grantor, who examined it, and found it right, but the execution of it was delayed, and the draft was retained by the grantee; and the grantee afterwards fraudulently procured the draft of another deed, describing the grantor's whole farm, and presented it to the grantor for his signature as the deed before examined, and it was executed and delivered; *this was held to be forgery.*

THIS was an indictment for the forgery of a deed, conveying certain land to *Shurtliff.* At the trial before WESTON C. J., *Thomas Buker,* whose deed was alleged to have been forged, was offered as a witness by the government. He was objected to as incompetent by the counsel for the defendant, but the objection was overruled. The Attorney General proposed to prove by the witness, that the defendant had prepared and brought to *Buker* a deed other than that which was alleged to have been forged, and which after having been read by him went back to the hands of *Shurtliff.* It was objected by his counsel, that it was not competent for the government to prove, that there was such a deed, and that it was other than the one alleged to have been forged, without first notifying the defendant to produce the first deed, but this objection was overruled. It appeared, that *Buker* had agreed to sell to the defendant, who was the owner of land adjoining his, a small piece of land of about one acre, being a part of his, *Buker's* farm, for ten dollars; that in pursuance of this agreement, the defendant, prepared a deed, which *Buker* read, and with which he was satisfied; that they thereupon agreed to meet at the house of a justice of the peace for the purpose of executing it; that the defendant without the consent, privity or knowledge of *Buker,* prepared the deed set forth in the indictment, and which purported to convey *Buker's* whole farm; that when they met at the house of the justice, who

State *v.* Shurtliff.

lived about three miles from their residence, the defendant took from his hat and laid upon the table, partly folded, the last mentioned deed ; that *Buker,* supposing it to have been the deed, which he had seen and read, executed and delivered it, without having read it, although he might have done so, if he had unfolded it. The counsel for the defendant contended, that these facts did not constitute the crime of forgery. The Chief Justice ruled, that the facts stated did constitute the crime of forgery. The jury returned a verdict of guilty, which was to be set aside, if the Court should be of opinion that the testimony objected to was improperly admitted, or that the crime of forgery had not been proved.

*Bradbury* argued for *Shurtliff* : —

1. That *Buker,* whose deed was alleged to have been forged, was not a competent witness. The decisions, it was said, were not uniform, in some states a witness thus circumstanced being admitted, and in others rejected.

2. Parol evidence of the contents of the deed was improperly admitted, no notice having been given to produce the original.

3. The offence proved was not forgery. Had he been indicted for cheating by false pretences, the evidence might have justified the verdict. No alteration was made in the instrument. It was the making of a different paper, to be signed, from that previously shown. Our statute against cheating by false pretences is sufficiently broad to include this case. But neither our statute against forgery, nor the definition of the offence in the books embrace it. The question was raised in a case similar in principle to this in *Massachusetts,* and it was there held to be cheating by false pretences, and not forgery. *Putnam* v. *Sullivan, 4 Mass. R.* 45.

*Emery,* Attorney General, for the State.

Formerly in *England,* for reasons not applicable here, it was held that the person whose name was forged, was not a competent witness. But even there the rule is now altered. 2 *Stark. Ev.* 583. But here he has always been considered competent. *Comm'th.* v. *Snell,* 3 *Mass. R.* 82 ; *Comm'th.* v. *Hutchinson,* 1 *Mass. R.* 7.

It was not necessary to give notice to produce this writing, it never having been a valid paper. 2 *Russel on Cr.* 670 ; 5 *English Com. L. Rep.* 377.

The third objection was admitted to present a question not entirely free from difficulty. A mere nonfeasance is not forgery. But here there was a paper actually made and examined by the grantor, and another, fraudulently substituted therefor by *Shurtliff*, actually signed. It has been held, that fraudulently inserting a legacy in a will before it was signed was forgery. The essence of the offence is the intention to defraud. So too it is a forgery to write one's own name to a paper, pretending to be a different person of the same name. In its consequences, it is the worst kind of forgery. 2 *Russell on Cr.* 317, 320; *East's P. C. c.* 19, § 1; 18 *Johns. R.* 164; 3 *Peere Wms.* 419; 1 *Russell & R. Cr. Cas.* 446; 1 *Harr. Dig.* 793; 10 *Mass. R.* 187; 2 *Stark. Ev.* 571; 6 *Cowen,* 72.

The opinion of the Court was drawn up by

WESTON C. J. — It was the law of *Massachusetts*, prior to the separation of *Maine*, and has continued to be the law of both states since, that the party, whose name is alleged to have been forged, is a competent witness upon the trial, under an indictment for the forgery. *Commonwealth v. Snell*, 3 *Mass. R.* 82.

The party attempted to be defrauded, was permitted to testify that the defendant, at a prior period, brought to him the draft of a deed, which he, the witness, read, and that it was not the deed set forth in the indictment, which he afterwards signed. This was not proving, by parol, the contents of a deed, not produced. It was competent for the witness to testify, that he never saw the deed he signed, before it received his signature; and that the defendant had previously brought to him the draft of an instrument, which he saw and read. The first is a simple negation, the second is testimony of the acts both of the defendant and the witness. The draft seen and read by him was not an executed paper, which is the best evidence of the contract made or agreed, the contents of which can be proved only by its production. 2 *Russell*, 670. But whether its contents could be proved or not, we are satisfied that the testimony, as far as it was received, was legally admissible.

Forgery has been defined to be a false making, a making *malo animo*, of any written instrument, for the purpose of fraud and deceit. 2 *Russell*, 317, and the authorities there cited. The evi-

State *v.* Shurtliff.

dence fully justifies the conclusion, that the defendant falsely made and prepared the instrument, set forth in the indictment, with the evil design of defrauding the party, whose deed it purports to be. It is not necessary, that the act should be done, in whole or in part, by the hand of the party charged. It is sufficient, if he cause or procure it to be done. The instrument was false. It purported to be the solemn and voluntary act of the grantor, in making a conveyance, to which he had never assented. The whole was done by the hand, or by the procurement of the defendant. It does not lessen the turpitude of the offence, that the party whom he sought to defraud was made in part his involuntary agent, in effecting his purpose. If he had employed any other hand, he would have been responsible for the act. In truth the signature to that false instrument, in a moral and legal point of view, is as much imputable to him, as if he had done it with his own hand. The art and management used, has no tendency to mitigate the charge. And the opinon of the Court is, that the crime of forgery has been committed. When the false making, with an evil design is proved, artful subterfuges in defence have been disregarded, of which many of the cases, cited for the government, are illustrations.