## YEAGER v. UNITED STATES.

Court of Appeals of District of Columbia.
Submitted March 5, 1929. Decided
April 1, 1929.

No. 4850.

Robb, Associate Justice, dissenting.

Leo E. Simonton and Jas. B. Archer, both of Washington, D. C., for appellant.

Leo A. Rover and William H. Collins, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, defendant below, was convicted in the Supreme Court of the District of Columbia of the crime of embezzlement. From the judgment, this appeal was prosecuted.

It appears that defendant was in the employ of the Washington Electric Company as bookkeeper, salesman, and collector; that it was a part of his duty to make deposits in the bank of all accrued money in the form of checks and otherwise; and that, for the purpose of deposit, he was authorized to indorse the name of the company on the checks so deposited. Instead of depositing the checks involved in this transaction, he indorsed them and cashed the checks, receiving the money thereon. The money so received he appropriated to his own use.

Error is assigned on the refusal of the court to direct a verdict of acquittal on the ground that the evidence disclosed the commission of the crime of forgery instead of embezzlement. The crime of forgery is defined in section 843 of the District Code as follows: "Whoever, with intent to defraud or injure another, falsely makes or alters any writing of a public or private nature, which might operate to the prejudice of another, or passes, utters, or publishes, or attempts to pass, utter, or publish as true and genuine, any paper so falsely made or altered, knowing the same to be false or forged, with the intent to defraud or prejudice the right of another, shall be imprisoned for not less than one year nor more than ten years."

In Dowling v. United States, 41 App. D. C. 11, the defendant was convicted of forgery, and the judgment on appeal affirmed. The forgery consisted in indorsing the name of the firm by which he was employed on checks belonging to the firm. He had been, at the time the offense was committed, in the employ of the firm for a number of years as a salesman and collector. We held in that case "that the crime of forgery, and not embezzlement, was committed" when it was shown "that the indorsement on the check was made by defendant without authority from his employers." It is settled law that an agent may commit forgery by making or signing an instrument in disobedience of his instructions or in the improper exercise of his authority. Ex parte Hibbs (D. C.) 26 F. 421; Moore v. Commonwealth, 92 Ky. 630, 18 S. W. 833; People v. Dickie, 62 Hun. (N. Y.) 400, 17 N. Y. S. 51; Flower v. Shaw, 2 Car. & K. 703; Merchants' Bank v. People's Bank, 99 W. Va. 544, 130 S. E. 142.

In State v. Kroeger, 47 Mo. 552, forgery was committed by the defendant filling out and using a blank signed check which he was authorized to fill out and use, but for a different purpose. In that case the agent had full authority to use the check signed in blank and fill it out for the particular purpose directed by his employer. Instead he

filled it out for a different amount, drew the money thereon, and appropriated a portion of it to his own use. The law as there announced, we think substantially covers this case. The forgery consisted in using the employer's name for a different purpose than that authorized. There the defendant was authorized to use the check for the purpose directed by his employer, but for no other purpose. Here the defendant was authorized to indorse the name of his employer upon the check for the purpose of deposit, but for no other purpose. Instead, he appropriated the check of his employer in a manner not authorized and converted the otherwise legal instrument into a forged and fraudulent one. In other words, the use by an agent of the signature of his principal for an unauthorized purpose constitutes forgery.

In the case of Regina v. Wilson, 2 Car. & K. 527, the employer gave his clerk a check signed in blank with instructions to fill in the amount of a certain obligation that had to be paid to one Williamson, to take the check to the bank and cash it, and to turn over the money to Williamson. The defendant filled out the check for a larger amount than the Williamson bill, cashed it, and retained the money without paying any portion of it to Williamson. This was held by the English court, fourteen judges concurring, to constitute forgery, although the defendant was authorized to use the check given him to draw the money from the bank. Undoubtedly, if he had filled out the check for the amount authorized, cashed it at the bank, and appropriated the money to his own use instead of paying it to Williamson as directed, he would have been guilty of embezzlement; but the crime consisted, not in the amount of money drawn and appropriated to his own use, but in the use of a forged and fraudulent instrument in securing the money. So here, the crime against defendant's employer did not consist in drawing the bank's money and appropriating it to his own use, but in the use of his employer's name in an unauthorized manner to convert an otherwise valid check into a forged and fraudulent instrument.

The judgment is reversed.

ROBB, Associate Justice (dissenting). I am constrained to take a different view of this case from that of my associates. The guilt of appellant is plain. I see no necessity for reversing the judgment when a reversal may result in the failure of justice.

Section 834 of our Code provides that, "if any agent, attorney, clerk, or servant of a private person or copartnership, or any officer, attorney, agent, clerk, or servant of any association or incorporated company, shall wrongfully convert to his own use, or fraudulently take, make away with, or secrete, with intent to convert to his own use, anything of value which shall come into his possession or under his care by virtue of his employment or office, whether the thing so converted be the property of his master or employer or that of any other person, copartnership, association, or corporation, he shall be deemed guilty of embezzlement."

Appellant was a bookkeeper, authorized to make collections, and received cash and checks. He had authority to indorse the checks for the purpose of deposit. Clearly, had he appropriated the cash collections, he would have been guilty of embezzlement. He indorsed the checks here involved, but, instead of depositing the proceeds, appropriated them to his own use. For aught that appears, his intent to appropriate the proceeds of these checks may have been formed after his indorsement of the checks, but whether the intent was formed before or after the indorsement, he nevertheless converted the proceeds to his own use, and in my view that appropriation constituted embezzlement within the meaning of the Code.

In State v. Kroeger, 47 Mo. 552, cited in the majority opinion, the defendant surreptitiously obtained possession of a blank, signed check and wrote in an unauthorized amount and the words "cash or bearer."

In Regina v. Bateman, 1 Coxe C. C. 186, cited in the Kroeger Case, it was held that, where a party received a blank, signed check, with directions to fill in a certain amount, and to appropriate the proceeds to a certain purpose, and *fraudulently fills in a different amount* and devotes the proceeds of the check to other purposes, he commits forgery. Mr. Justice Erle said: "If a check is given to a person with a certain authority, the agent is confined strictly within the limits of that authority, and if he choose to alter it, the crime of forgery is committed."

In Regina v. Wilson, 2 Car. & K. 527, 61 E. C. L. 527 (also cited in the Kroeger Case), the defendant had been given authority to fill in a blank, signed check with the amount due a creditor of the firm. Instead of doing so, the defendant filled in the check with a larger amount and devoted the proceeds to his own purpose. A conviction of forgery was sustained because of the unauthorized change in filling in the check.

In each of these cases there is an unauthorized change in the check, while in the

present case the indorsement was authorized, but the proceeds were misappropriated.

In Cooper v. United States, 58 App. D. C. 325, 30 F.(2d) 567, 57 W. L. R. 167 (present term), we sustained a conviction of embezzlement. The defendant in that case, while acting as a clerk of the corporation, was intrusted with a blank check signed by the corporation, to be used by the defendant for the purpose of covering a possible shortage which might occur in the corporation's account with another bank in which the corporation was a depositor. The defendant furtively and without authority filled in the blanks of the check so as to make it payable in the sum of $500 to another person acting as an intermediary, who paid the defendant that sum in installments and deposited the check to his own credit in the bank. Mr. Chief Justice Martin, writing the opinion for the court, said: "The fact remains that the defendant drew $500 of the corporation's money from the bank by means of the wrongful use of the check with which he had been entrusted, and converted the money thus procured to his own use." In my view, the decision in the present case is inconsistent with the decision in the Cooper Case.