**UNITED STATES v. BRIGGS.**

Nos. 73149–73151.

District Court for the District of Columbia.

March 13, 1944.

732

Henry A. Schweinhaut, Asst. to the Atty. Gen., for the United States.

Richard W. Galiher and Tom J. McGrath, both of Washington, D. C., for defendant.

EICHER, Chief Justice.

Three indictments have been returned in this court against George N. Briggs, charging him with violation of § 22—1401 of the D.C.Code (forgery and uttering); violation of § 22—1301 of the D.C.Code (false pretenses); and violation of 18 U.S.C.A. § 338 (using mails to defraud). The charges involve a letter allegedly written by Briggs, addressed to Dr. Umphrey Lee of Dallas, Texas, purportedly signed by Harry Hopkins; the procuring of money therefor from one C. Nelson Sparks; and correspondence from Briggs to Sparks in connection therewith.

Defendant, through his counsel, has filed demurrers to all three indictments and a hearing has been held thereon. The points raised by the demurrers will be discussed seriatim.

### Not Sufficient Facts to Constitute a Crime against the United States.

A reading of the indictments discloses that the offenses charged are sufficiently alleged, for they follow the wording of the pertinent statutes which are and have been in effect in this jurisdiction for some time. The language used is not so vague, indistinct, and indefinite as to mislead accused or expose him to danger of a new prosecution. And the acts alleged constitute indictable offenses.

### The Indictments are Repugnant

Repugnancy in a count consists in a contradiction between material allegations therein. In Criminal No. 73149 defendant is charged in one count with forgery and in the second count with uttering the same forged letter. Under our Code these are separate offenses. Read v. United States, 55 App.D.C. 43, 299 F. 918. In Criminal No. 73151, defendant is charged in eight counts with using the mails to defraud. While the indictment charges a general scheme of using the mails to defraud, it is neither repugnant nor duplicitous because it also sets out in detail the means of its execution. Muench v. United States, 8 Cir., 96 F.2d 332.

### The Instrument is Not Capable of Effecting a Fraud.

Defendant apparently places most reliance on this point which he has raised in his demurrer to Criminal No. 73149, claiming that in order to bring this act within the statute the letter must be capable of effecting a fraud and be of legal efficacy.

It is true that, to the ordinary person, the letter would appear to be innocuous, but the indictment charges that to Sparks, who was preparing to publish a book on Wendell Willkie, the letter, if genuine and authentic, had a real monetary value.

As stated by our Court of Appeals in Easterday v. United States, 53 App.D.C. 387, 292 F. 664, 666, certiorari 'denied 263 U.S. 719, 44 S.Ct. 181, 68 L.Ed. 523: "Forgery, at the common law, is the false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, as the foundation of a legal liability." But we are not here dealing with common law forgery but with a statute of almost limitless scope. It provides (§ 22—1401, D.C.Code 1940): "Whoever, with intent to defraud or injure another, falsely makes or alters any writing of a public or private nature, which might operate to the prejudice of another, or passes, utters, or publishes, or attempts to pass, utter, or publish as true and genuine, any paper so falsely made or altered, knowing the same to be false or forged, with the intent to defraud or prejudice the right of another, shall be imprisoned for not less than one year nor more than ten years."

As stated by counsel for the Government, the cases which have heretofore arisen under the District of Columbia statute involved obligatory instruments as distinguished from "writings," but even then the statute has been broadly interpreted. In Milton v. United States, 71 App.D.C. 394, 110 F.2d 556, 561, the Court said: "Neither is it material that no person suffered loss by reason of appellants' acts. * * * It is sufficient if there is an intent to de-

fraud someone by making or altering a writing, which act might prejudice another."

Here defendant is charged with having forged the name of Harry Hopkins to a certain writing of a private nature, to wit, the aforementioned letter to Dr. Umphrey Lee, with intent to defraud and prejudice C. Nelson Sparks, and others. It is difficult to comprehend how anything could come more nearly within the intendment of the statutory provision: "Whoever, with intent to defraud * * * another, falsely makes * * * any writing of a * * * private nature, which might operate to the prejudice of another * * *" shall be guilty of forgery. That this position is sound is evidenced by the holding in Dowling v. U. S., 41 App.D.C. 11, wherein it is stated: "To constitute the crime of forgery three things must exist: 'There must be a false making or other alteration of some instrument in writing; there must be fraudulent intent; and the instrument must be apparently capable of effecting a fraud.' " Here the indictment charges a false making of an instrument in writing; fraudulent intent; and not only that the writing was capable of effecting a fraud, but that a fraud actually was effectuated.

The other points raised by defendant are not seriously urged and require no comment.

The demurrers to all three indictments are accordingly overruled and counsel for the Government will present appropriate orders.