**UNITED STATES v. TOMMASELLO.**

Cr. No. 40865.

District Court, E. D. New York.

Feb. 5, 1946.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Matthew F. Fagan, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Benjamin R. Leinhardt, of Brooklyn, N. Y., for defendant.

BYERS, District Judge.

The defendant demurs to an indictment in four counts which are uniform except as to dates, charging a violation of Title 18 U.S.C. § 72, 18 U.S.C.A. § 72.

The presently material allegations are:

That "the defendant * * * did make and cause to be made a false prescription for narcotics for the purpose of defrauding the United States, knowing same to be false and falsely made, which said prescription was as follows: * * * with intent thereby to defraud the United States of America by procuring narcotic drugs for the personal use of the said defendant, Stanley Tommasello, and not for Concetta Foti, of 311– 6th Avenue, New York, as set forth in said prescription, the said defendant then and there well knowing the same to be false in that the narcotics referred to in the aforesaid prescription were for his own personal use and not for the use of the said Concetta Foti; * * *."

So much of the statute as applies reads thus: "Whoever shall falsely make, alter, forge, or counterfeit, * * * any bond, * * * or other writing for the purpose of defrauding the United States; or shall utter or publish as true * * * any such false, forged * * * other writing, for the purpose of defrauding the United States, knowing the same to be false, forged, * * *, shall be fined * * * or imprisoned * * *, or both."

A prescription for narcotics which has been forged is an example of "other writing" within this statute. Johnson v. Warden, 9 Cir., 134 F.2d 166.

The defendant's argument is that, since the prescription was signed by him and contained the name of an existing per-, son, the indictment does not portray a forgery, although it is acknowledged for present purposes that "the recitals in each of the prescriptions of the patient's name was in fact false (i.e. that such person was a patient for whom the prescription was issued) and that the purpose of each such false statement was to procure narcotic drugs for the use of the defendant".

The contention is that there was no false making of a prescription, but the making of a false prescription.

If this is more than a quibble, it must be confessed that I am unable to grasp it;

if a prescription is false, the defect inheres in the process of making, i.e. writing it, and it matters not in any perceptible sense whether the infirmity is described in the adverb "falsely" modifying the participle "making", or the adjective "false" which describes the prescription. The latter did not write itself; it is the work of the human agent who is charged with defrauding the United States by so doing; to reason otherwise would deny to the statute the force and effect which it plainly imports, and to sanction an evasion of the law through the practice of sheer effrontery, for which there is no justification to be accomplished by mere verbal manipulation.

The defendant relies upon United States v. Smith, D.C., 262 F. 191, in which the Court sustained a demurrer to an indictment under this statute, where an affidavit, which was signed and sworn to but which contained a false statement, was held not to be within the purview of the Act. If it is necessary to distinguish that case, the basis for so doing is obvious: There the Court was passing upon an affidavit, and perhaps to that extent it was to be deemed to be a legal document, but here there never was a prescription; the paper which the defendant signed was a nullity at its inception and never overcame its congenital vacuity; it was falsely made, in that it was not what it purported to be, to the exclusive knowledge of its fabricator.

■ There is authority for the proposition that this statute is addressed to forgery rather than to fraud, United States v. Moore, D.C., 60 F. 738, and United States v. Mulligan, 2 Cir., 59 F.2d 200, at page 202, but that understanding does not help the defendant. The paper which he signed being in the form of a prescription is not saved from the reach of a forgery statute, because it bears his actual signature.

The applicable rule is so convincingly stated in Ex parte Hibbs, D.C., 26 F. 421, at page 432 et seq., as to render repetition idle. See also Yeager v. United States, 59 App.D.C. 11, 32 F.2d 402; Quick Service Box Co. v. St. Paul Mercury Indemnity Co., 7 Cir., 95 F.2d 15, at page 16.

It is urged that the case of Fitzgibbons Boiler Co. v. Employers' Liability Assur. Corp., 2 Cir., 105 F.2d 893, is effective to overrule Ex parte Hibbs, supra, so far as this Circuit is concerned, and it must be owned that the argument is somewhat plausible. It does not presently persuade,

however, because the case turned upon the construction to be given to a policy of insurance in civil litigation, wherein the plaintiff thought it was protected against forgery as revealed in the conduct of an assistant treasurer (who was bonded) in signing checks within the scope of his authority, but for a fraudulent purpose. It was held in sustaining a motion to dismiss, that forgery was not shown because the conduct in question was not within the test laid down under the New York law, namely, that a person had falsely and with the purpose to defraud made a writing which purports to be the act of another. Since the federal statute relied upon in this indictment was not under review, the case cannot be deemed to contain a construction thereof. What the attitude of the reviewing court might be, in dealing with the problem here presented, is of course open to conjecture; certain it is that the District Court is not competent to ignore what was written by the Supreme Court in United States v. Staats, 49 U.S. 41, 8 How. 41, 12 L.Ed. 979, in passing upon such a contention as is here made, in construing the forerunner of Section 73 of the present statute, dealing with the making, forging, etc., of deeds or powers of attorney.

In that case a claim was presented, based upon an affidavit, correct and sufficient in form, but false in content. At page 47 of 49 U.S., the opinion reads:

"The case is within the mischief intended to be guarded against; and, also, within the words; and we think the considerations urged, founded upon the form and structure of the general provision, though plausible, and calculated to excite doubts, not sufficient to take it out of them.

"A genuine instrument containing a false statement of facts, used in support of a claim, the party knowing it to be false, and using it with the intent to defraud, presents a case not distinguishable in principle, or in turpitude, or in its mischievous effects, from one in which every part of the instrument is fabricated; and when the one is as fully within the words of the statute as the other, we may well suppose that it was intended to embrace it."

The foregoing was deemed authority binding upon a District Court in the case of an affidavit which was signed before a person authorized to take it, but containing false matters, in United States v. Gowdy, D.C., 37 F. 332.

The defendant urges that there is such a difference in the verbal architecture of Section 73 as compared with Section 72 of Title 18, that the language quoted may not be applied here. It seems to me that the argument is strained and attenuated, and that the reasoning applied in the Staats case, supra, is persuasive as to this indictment, although perhaps not technically authoritative.

A point which has not been discussed may be present and perhaps may arise on the trial, namely, whether the defendant, whose office according to the purported prescription was in Connecticut, is also a registered physician, legally competent to practice in New York; if he is not, I should suppose that the paper writing which has been quoted was falsely made if executed "within the jurisdiction of this Court" as alleged in the indictment, for that reason as well as because of the matters above discussed.

Demurrer overruled. Settle order.