## UNITED STATES v. TOMMASELLO.

### No. 163, Docket 20458.

Circuit Court of Appeals, Second Circuit.

Feb. 28, 1947.

Benjamin R. Leinhardt, of Brooklyn, N. Y., for defendant-appellant Tommasello.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Matthew F. Fagan, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for plaintiff-appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The defendant, a licensed physician, was convicted by a jury and sentenced to eighteen months imprisonment under the second count of the indictment which charged him as follows:

"That Stanley Tommasello, hereinafter called the defendant, on or about the 19th day of March, 1945, in the County of Kings,

City, State and Eastern District of New York, and within the jurisdiction of this Court, did make and cause to be made a false prescription for narcotics for the purpose of defrauding the United States, knowing same to be false and falsely made, which said prescription was as follows: 'Office Hours:

Dr. Stanley Tommasello
Reg. No. 5559

By Appointment

Water and Mill Streets
East Port Chester,
Connecticut
Phones Byrn Riv 9486–8946

Name    Peter Del Giudice  Age 72
Address   32 Spring St. New York
Date    3/19/45
    Morphine sulphate tablets
    1/4 of grain
    #XL

5. One at bed time and one in case of need
S. Tommasello, M.D.'

with intent thereby to defraud the United States of America by procuring narcotic drugs for the personal use of the said defendant, STANLEY TOMMASELLO, and not for Peter Del Giudice, of 32 Spring Street, New York, as set forth in said prescription, the said defendant then and there well knowing the same to be false in that the narcotics referred to in the aforesaid prescription were for his own personal use and not for the use of the said Peter Del Giudice; against the peace and dignity of the United States and contrary to the form of the statute in such case made and provided.

(Title 18, United States Code, Section 72 [18 U.S.C.A. § 72])." [1]

It appears from the foregoing that the substance of the charge against the defendant embodied in the second count of the indictment is that he knowingly issued a false prescription for narcotics for the purpose of defrauding the United States by representing that the drugs applied for therein were for the use of one Peter Del Giudice, whereas they were in fact for his own personal use.

■ It is argued on behalf of the defendant that the prescription, purporting to be for Del Giudice but not actually intended for him, was not "false, forged, altered, or counterfeited," and hence not within the interdiction of Title 18, § 72 of the U.S.C.A. This contention is founded on such decisions as United States ex rel. Starr v. Mulligan, 2 Cir., 59 F.2d 200, and Fitzgibbons Boiler Co. v. Employers' L. Assur. Corp., 2 Cir., 105 F.2d 893, where, as in the case at bar, the signatures to the writings were genuine. But the writing the defendant issued was merely a false prescription which set out the name of the patient as Del Giudice when the narcotics were not intended for him, but for the use of the defendant himself. Such a paper was not a real prescription but a counterfeit one. As Justice Day said in Webb v. United States, 249 U. S. 96, 39 S.Ct. 217, 218, 63 L.Ed. 497, when dealing with an order issued by a physician to a known addict to supply the latter with drugs only to keep him comfortable: "to call such an order for the use of morphine a physician's prescription would be so plain

<hr>

[1] § 72. "(Criminal Code, section 28.) Making, forging, counterfeiting, or altering bonds, bids, or public records; transmitting such papers. Whoever shall falsely make, alter, forge, or counterfeit, or cause or procure to be falsely made, altered, forged, or counterfeited, or willingly aid, or assist in the false making, altering, forging, or counterfeiting, any bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit, or other writing for the purpose of defrauding the United States; or shall utter or publish as true, or cause to be uttered or published as true, or have in his possession with the intent to utter or publish as true, any such false, forged, altered, or counterfeited bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit, or other writing, for the purpose of defrauding the United States, knowing the same to be false, forged, altered, or counterfeited; or shall transmit to, or present at, or cause or procure to be transmitted to, or presented at, the office of any officer of the United States, any such false, forged, altered, or counterfeited bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit, or other writing, knowing the same to be false, forged, altered, or counterfeited, for the purpose of defrauding the United States, shall be fined not more than $1,000, or imprisoned not more than ten years, or both."

a perversion of meaning that no discussion of the subject is required." See also Yeager v. United States, 59 App.D.C. 11, 32 F.2d 402; Ex parte Hibbs, D.C.Or., 26 F. 421, 431, et seq.

It is contended, however, that Section 72, supra, was not violated for the reason that the defendant did not utter the counterfeit prescription "for the purpose of defrauding the United States" since he might have obtained the drugs either from a wholesaler on a written order and then have administered them to himself without disclosing the latter fact, or might have drawn the prescription for his own benefit and then treated himself. But in the first case he would have been obliged to keep a record of the drugs obtained and the amounts dispensed, 26 U.S.C.A. Int.Rev. Code, § 2554 (c) (1), and in the second (where he issued a prescription) the prescription would have to be retained for two years by the apothecary so as to be readily accessible for inspection by agents of the Treasury Department. 26 U.S.C.A. Int. Rev.Code, § 2554 (c) (2). The United States is defrauded within the meaning of the authorities when a person subject to the provisions of the narcotic act, as Tommasello was, interferes with the system of recording the disposition of narcotics as he is alleged to have done in the present case. It would not be necessary for him to attempt to secure any monetary advantage. Johnson v. Warden, 9 Cir., 134 F.2d 166, certiorari denied 319 U.S. 763, 63 S.Ct. 1320, 87 L.Ed. 1714; United States v. Goldsmith, 2 Cir., 68 F.2d 5, 7. A deliberate falsification of the records, required by statute, for the dispensation of narcotics defrauds the United States within the meaning of 18 U.S. C.A. § 72. Such a falsification was accomplished by Tommasello through inserting the name of Del Giudice in the prescription for morphine tablets when they were only to be used by himself.

Although the second count of the indictment charged that the prescription was made for the purpose of defrauding the United States and was drawn to come within 18 U.S.C.A. § 72 it set forth facts showing a violation of 18 U.S.C.A. § 80. Section 80 provides that: " * * * whoever shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations, * * * in any matter within the jurisdiction of any department or agency of the United States * * * shall be fined not more that $10,000 or imprisoned not more than ten years, or both." The foregoing section has been construed as not applying solely to cases where deceit is practiced to gain some monetary advantage. United States v. Meyer, 2 Cir., 140 F.2d 652, 655; United States v. Goldsmith, 2 Cir., 108 F.2d 917. It has been held to apply to narcotic dispensation records. Mitchell v. United States, 10 Cir., 143 F.2d 953. Under this statute it is only necessary to prove that the defendant made false statements or representations in his prescription in respect to the patient who was to use the morphine but it is not necessary to show that the United States was defrauded. So even if it can be thought not to have been a fraud on the government for the defendant to misrepresent the name of the person for whom the prescription of morphine was intended, nevertheless he violated Section 80, supra, by making a false representation in a record designed for the inspection of the Treasury Department.

An infraction of 26 U.S.C.A. Int.Rev. Code, § 3793 was also set forth in the second count of the indictment and shown by the evidence. The pertinent provisions of this statute are given in the margin.[2] A prescription for narcotics falls within the terms of this section. Cf. Johnson v. War-

---

2 "§ 3793. Penalties and forfeitures

"(a) Fraudulent bonds, permits, and entries

"(1) Penalty. Every person who—

"(A) Simulation or execution. Simulates or falsely or fraudulently executes or signs any bond, permit, entry, or other document required by the provisions of the internal revenue laws, or by any regulation made in pursuance thereof, or

"(B) Procuring execution. Procures the same to be falsely or fraudulently executed, or

"(C) Aiding in execution. Advises, aids in, or connives at such execution thereof—shall be imprisoned for a term not less than one year nor more than five years, * * *".

den, 9 Cir., 134 F.2d 166, 168, certiorari denied 319 U.S. 763, 63 S.Ct. 1320, 87 L.Ed. 1714.

Since the second count, though drawn under 18 U.S.C.A. § 72 stated facts sufficient to plead an offense under 18 U.S.C.A. § 80 and under 26 U.S.C.A. Int.Rev.Code, § 3793, a conviction might equally be had under any of the three sections. Williams v. United States, 168 U.S. 382, 389, 18 S. Ct. 92, 42 L.Ed. 509; United States v. Kolodny, 2 Cir., 149 F.2d 210, 211; Capone v. United States, 7 Cir., 51 F.2d 609, 616.

For the foregoing reasons the judgment of conviction is affirmed.