**UNITED STATES v. GREEVER.**

Cr. No. 819–53.

United States District Court
District of Columbia.

Dec. 7, 1953.

Leo A. Rover, U. S. Atty., William B. Bryant, Asst. U. S. Atty., Washington, D. C., for plaintiff.

William R. Lichtenberg, Washington, D. C., for defendant.

LAWS, Chief Judge.

Defendant is charged in a seven count indictment with transporting and caus-

ing to be transported in interstate commerce, with unlawful and fraudulent intent, certain falsely made and forged bank checks, in violation of 18 U.S.C.A. § 2314. The case was tried by the Court without a jury upon stipulated facts: that defendant signed various fictitious names to several checks drawn on a Rhode Island bank in the presence of the agents of the several payees, who knew defendant by the name signed on the check; that the bank had no account in the name of defendant or the fictitious drawers; and that defendant represented in each case he was the person whose signature appeared on the check and did not represent the signatures were of anyone other than himself.

Defendant argues that whatever offense he may have committed, he has not falsely made and forged securities within the meaning of the statute, relying upon Greathouse v. United States, 4 Cir., 1948, 170 F.2d 512. In that case the United States Court of Appeals for the Fourth Circuit reversed a conviction under the statute now under construction. Defendant had signed his name and that of a company to several checks against a nonexistent bank account. He asserted to the person cashing the checks that the company was the name in which he did business. The evidence at the trial indicated the company was nonexistent. Judge Soper, speaking for the Circuit Court of Appeals, noted that the words "falsely made" and "forged" are substantially synonymous and that forgery contemplates a writing which falsely purports to be the writing of another person than the actual maker. He stated, 170 F.2d at page 514: "When the writing is not passed off as the writing of another, it is immaterial whether the person it purports to designate is real or fictitious."

Where checks are drawn by the maker in his own name upon an existing bank in which he has no funds, it has been uniformly held their transportation does not come within the terms of the Act. Martyn v. United States, 8 Cir., 1949, 176 F.2d 609; Wright v. United States, 9 Cir., 1949, 172 F.2d 310; Great-

house v. United States, supra; United States v. Gallagher, D.C.Pa.1950, 94 F. Supp. 640; see also United States v. Sheridan, 1946, 329 U.S. 379, 381, footnote 4, 67 S.Ct. 332, 91 L.Ed. 359. Greathouse v. United States, supra, also indicates that it is not forgery if defendant signs a fictitious name if there is no design to pass the signature as the genuine writing of another person.

On the other hand, where defendant signs the name of an existing person and holds this out to be the signature of that person, the checks have been held to be forged or falsely made. Easterday v. United States, 1923, 53 App.D.C. 387, 292 F. 664, certiorari denied 263 U.S. 719, 44 S.Ct. 181, 68 L.Ed. 523; United States v. Briggs, D.C.D.C.1944, 54 F.Supp. 731. And the signature of a fictitious name, with fraudulent intent, is as much a forgery as if the name used was that of an existing person. Milton v. United States, 1940, 71 App.D.C. 394, 110 F.2d 556; Rowley v. United States, 8 Cir., 1951, 191 F.2d 949.

The decisions can only be harmonized on the rationale, adopted in the English case of Reg. v. Martin (1879), 14 Cox, Cr.Cas. 375, 5 Q.B.Div. 34, that though there may be fraud and false pretenses, there has been no forgery where the payee in accepting the check has relied upon and given credit to the person who has signed and presented the check, and not the signature itself. It is only in a case where reliance is placed on the signature as creating a valid obligation, not on the person who presents the check, that forgery has been committed.

While on the facts submitted to the Court it appears defendant is guilty of a crime, it is necessary that the Court assure him the right to answer a correct charge of crime. On the state of the law as set forth by the decided cases, the Court must decide that the proper charge against defendant is false pretenses and not transportation of a forged check in interstate commerce, and accordingly a judgment of acquittal must be granted.