**Sam LIEBERMAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13928.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 25, 1957.

Decided March 13, 1958.

Mr. John Alexander, Washington, D. C., with whom Mr. James K. Hughes, Washington, D. C., was on the brief, for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and Alfred Hantman, Asst. U. S. Attys., were on the brief, for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

This is an appeal from conviction of passing forged promissory notes. Appellant Lieberman does not deny passing the notes, but denies they were forged.

Appellant conducted a thriving home improvement contracting business. Pressed for working capital as the trial court said, "it became necessary * * to devise some method of raising money to pay for labor and material during the interim between the execution and the completion of the contracts." Appellant's solution was to induce customers, at the time the contracts were made, to sign notes and deeds of trust in blank. Later, in the customers' absence, the instruments would be filled in with terms inconsistent with the contracts, and "witnessed" and "acknowledged."[1] Appellant then discounted or "passed" these notes" secured by the "deeds of trust," to obtain cash.

The notes and deeds of trust were parts of an ingenious four-page printed form on two letter-size sheets attached together. Page one is filled with printing and blanks to be filled in. Every section of page one is labelled except the section which constitutes the promissory note form. The uppermost heading on the page, in bold face type, is "Credit Application." Below that, the headings are: "Employment or Business," "References," "Debts," "Property To Be Improved," "Borrower's Completion Certificate," and "Notice to Borrower." Only the note form is unlabelled although enclosed by lines or a "box." Page two, which is on the back of page one, is blank, except for an endorsement form which is located on the back of the note. On the third page is the title "Deed of Trust" and the usual form for notarial certification. The fourth page of the form is a trust deed, which is not so labelled anywhere on its face. Appellant, according to one witness, told his salesmen that the forms were to be used for "interim financing and we were told that they were necessary to be signed in all our deals." His instructions to the salesmen were to keep the form folded, so that only pages one and four, the outside pages, were visible to the signer; he also directed that signatures on the forms be obtained in blank.

█ The trial court held that appellant's acts had violated Section 22–1401 of the District of Columbia Code (1951)[2] which provides:

"Forgery. Whoever, with intent to defraud or injure another, falsely makes or alters any writing of a public or private nature, which *might* operate to the prejudice of another, or passes * * * any paper so falsely made or altered, knowing the same to be false or forged * * * shall be imprisoned. * * *" (Emphasis added.)

Forgery by false making has been committed where the accused, with intent to defraud, proffers a blank note to a customer, and induces the customer to sign it on the false representation that the paper is something other than a note, where the customer is found reasonably justified in believing the representation, and where the accused later fills in the blanks and negotiates the paper as a note.

"It is not necessary that the act be done in whole or in part by the hand of the party charged. It is sufficient if he cause or procure it to be done * * *. In truth the signature of that false instrument,

---

1. Lieberman's bookkeeper was convicted in these same proceedings of willful false certifications and acknowledgements. She did not appeal.

2. Lieberman received a suspended sentence and was ordered to make restitution. We note that the customers themselves apparently were not injured. They testified they received the work they had contracted to get, and paid only in the amounts and terms specified in the true contracts. Also, the purchaser of the void paper apparently was paid according to the terms. But it is not an element of forgery that someone actually suffer loss. Milton v. United States, 1940, 71 App.D.C. 394, 110 F.2d 556.

in a merely logical point of view, is as much imputable to him, as if he had done it with his own hand * * *."[3]

To warrant a conviction of forgery "by trick," as it were, it must be proved beyond a reasonable doubt that the victim was fraudulently deceived as to the nature of the paper being signed. Since the customers did not testify they had been deceived, appellant claims that proof of deception failed. It is true that the customers could not explain how their signatures became affixed to the "notes"; in fact they denied that the signatures were theirs.[4] But it is not necessary that the victim of forgery by trick be able to say *how* his signature was procured because he may not know. The element of deception may be proved by any competent evidence, and need not be by the testimony of the victim himself. Here deception is amply proved by the per se deceptive nature of the form involved, and the fact that appellant instructed his salesmen to conceal revealing parts of the form; to decline to volunteer explanations as to the nature of the form, and to obtain the signatures in blank.

Appellant complains that the steadfast denials of the customers that they had signed "notes" precluded effective cross-examining as to the circumstances of the alleged forgery. Appellant was, of course, free to cross-examine the witnesses on all circumstances surrounding the conferences between the witnesses and appellant or his agents. Perhaps the most that can be said of his present complaint is that his devices were so artful that his customers had no way of being aware of what they signed. They cannot be taxed by him now for not being aware of putting their signatures to what, by his deception, turned up later as "notes." On this record the District Court hearing the case without a jury was warranted in finding that appellant's conduct fell within the forgery statute.

Affirmed.

WASHINGTON, Circuit Judge (concurring in the result).

I concur in the judgment of the court affirming these convictions. The evidence was sufficient to support convictions for passing falsely altered instruments, and I would affirm on that ground. I read the District Court's findings as resting on that basis, rather than on false making.

3. State v. Shurtliff, 1841, 18 Me. 368; see also State v. Nesseth, 1954, 127 Cal. App.2d 712, 274 P.2d 479. Contra see e. g. Austin v. State, 1921, 143 Tenn. 300, 228 S.W. 60, 14 A.L.R. 311.

4. While admitting the signatures looked like their own, the customers denied having made them. The prosecutor stipulated with appellant that the customers were mistaken; that the signatures were indeed their own.