**Tyrone L. ASHBY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9955.**

District of Columbia Court of Appeals.

Submitted June 1, 1976.

Decided Sept. 9, 1976.

---

Wright H. Andrews, Jr., Washington, D.C., appointed by the court, was on the brief for appellant.

Earl J. Silbert, U.S. Atty., and John A. Terry, James F. Rutherford and Frederick A. Douglas, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before KELLY, FICKLING and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellant was convicted in a nonjury trial of forgery and uttering a forged instrument. D.C.Code 1973, § 22-1401. He contends (1) that the evidence was insufficient to support a finding of intent to defraud, and (2) that the judgment was defective as a matter of law because the government's proof established no more than appellant's mere use of a fictitious name. We affirm.

The case arose from appellant's successful negotiation of a check in the amount of $99.12, drawn upon the account of the Bureau of Rehabilitation for the National Capital Area (Bureau), which bore the name of a fictitious payee, Tyrone Glenn. Appellant acknowledged that he negotiated the instrument, signing the name "Tyrone Glenn" in the presence of the bank teller and receiving the specified monies, and that he had done so with the knowledge that he was not the putative payee. He asserts, however, that he negotiated the check with bona fide reliance upon the representation of Ronald Jackson, a former counselor at the Bureau, with whom appellant, as a client of the Bureau, had had previous dealings (including the receipt of two similar checks, albeit made out to appellant in his correct name, as payee).* It is undisputed that Jackson lacked the authority upon which appellant claims to have relied.

■ Appellant correctly observes that as the specified form of mens rea, intent to defraud is an essential element of the offense of forgery which must be established by the government. D.C.Code 1973, § 22-1401. *See Milton v. United States*, 71 App.D.C. 394, 398-99, 110 F.2d 556, 560-61

---

* Appellant testified that Jackson telephoned him with instructions to come to the lobby of the building which housed the Bureau. As had been the apparent custom of Bureau counselors, Jackson accompanied appellant to the bank. Appellant's testimony was that when he pointed out that he was not the payee indicated on the face of the instrument, Jackson had reassured him that he could cash the check without getting into any "trouble". Following appellant's endorsement and presentment of the instrument, he surrendered the proceeds to Jackson, who immediately returned $30 of the cash to appellant.

(1940); *Frisby v. United States,* 38 App. D.C. 22 (1912); *cf. Williams v. United States,* D.C.App., 337 A.2d 772 (1975). However, the existence of the necessary mens rea is a question of fact [*see Karikas v. United States,* 111 U.S.App.D.C. 312, 316, 296 F.2d 434, 438 (1961); *Ross v. United States,* 374 F.2d 97, 101–02 (8th Cir. 1967)], and such intent, under proper circumstances, may be inferred from the presentment of a forged instrument. *See Milton v. United States, supra; Easterday v. United States,* 53 App.D.C. 387, 292 F. 664 (1923), *cert. denied,* 263 U.S. 719, 44 S.Ct. 181, 68 L.Ed. 523 (1924).

■ Appellant's defense of good faith turned upon his credibility as a witness. His assertions of bona fide reliance upon the alleged representations of Jackson must stand beside his acknowledged awareness that the name he affixed to the check for the purpose of cashing it was not his own, as well as other circumstantial evidence from which an intent to defraud could be inferred (*e. g.,* the fact that on the two previous occasions when he had received assistance from the Bureau, the checks had been made out in his own name). The record reflects such a conclusion by the court. Where, as here, a case is tried without a jury, we will not set aside the court's finding unless it is "plainly wrong or without evidence to support it." D.C. Code 1973, § 17–305(a). *See Lee Washington, Inc. v. Washington Motor Truck Transportation Employees Health and Welfare Trust,* D.C.App., 310 A.2d 604 (1973). The government's proof established a prima facie case and there was sufficient evidence to support the court's decision. *Cf. Crawford v. United States,* 126 U.S.App.D.C. 156, 375 F.2d 332

(1967); *Curley v. United States,* 81 U.S. App.D.C. 389, 160 F.2d 229, *cert. denied,* 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

■ Appellant also contends that as a matter of law the offense of forgery is not established unless, in addition to proof of the use of a fictitious signature with the intent to defraud, it is shown that the accused in some manner assumed the identity of the fictitious individual and that there was some reliance thereupon. While some jurisdictions have adopted such narrowing prerequisites [*see generally* Annot., 49 A. L.R. 852, § 3 (1956); *cf. Hubsch v. United States,* 256 F.2d 820, 823–24 (5th Cir. 1958); 35 Am.Jur.2d *Forgery* § 11 (1968)], the law of the District of Columbia has been construed more broadly, and requires only the signing of a fictitious name, accompanied by the necessary fraudulent intent, to an instrument capable of working a prejudice to the interests of another. *See Milton v. United States, supra,* 71 App.D.C. at 398–99, 110 F.2d at 560–61; *cf. United States v. Briggs,* 54 F.Supp. 731 (D.D.C.1944). We do not read *United States v. Greever,* 116 F.Supp. 755 (D.D. C.1953), which involved the violation of a federal statute, as suggesting a different conclusion. Moreover, even if our statutory provisions had been accorded a construction more consistent with the narrower definition of forgery, we could not agree with appellant's characterization of the record as lacking evidence suggesting an assumption of a fictitious identity and reliance thereon. The finding of guilt was both consistent with the law and supported by the evidence.

*Affirmed.*