Earline MARTIN, a/k/a Earline Taylor, Appellant,

v.

UNITED STATES, Appellee.

James L. KING, Appellant,

v.

UNITED STATES, Appellee.

Nos. 80–457, 80–585.

District of Columbia Court of Appeals.

Argued June 4, 1981.

Decided Sept. 3, 1981.

---

Jerry L. Dier, Clarksville, Md., appointed by this court, was on the brief for appellant Martin.

Frances B. Aubrey, Washington, D.C., appointed by this court, for appellant King.

Peggy M. Tobolowsky, Asst. U. S. Atty., Washington, D.C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D.C., were on the brief for appellee.

Before KELLY and KERN, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellants challenge their convictions for forgery and uttering on the grounds that their acts of signing their own names to blank money orders known by them to have been stolen do not constitute forgery within the meaning of D.C.Code 1973, § 22–1401.[1]

---

1. This statute provides in pertinent part:

Whoever, with intent to defraud or injure another, falsely makes or alters any writing ... which might operate to the prejudice of another, or ... utters, ... or attempts to ... utter ... as true and genuine, any paper so falsely made or altered, knowing the same to be false or forged, with the intent to defraud ... another, shall be imprisoned for not less than one year nor more than ten years.

There was evidence that on the evening of November 6, 1978, a young woman purchased two American Express money orders from a Peoples Drug Store in the amounts of $73.09 and $36.00 respectively. En route to her home she was robbed and her purse containing the money orders and approximately $1800.00 worth of travelers checks was taken. The money orders were still blank when the robbery occurred.

Appellant Martin testified at trial that she obtained possession of two money orders from a purse that she recovered after yelling at and frightening away a group of youths who were robbing a woman.[2] Appellants stipulated at trial that on November 7th Martin filled in her name and address as sender and entered the name of appellant King as payee on both money orders taken from the robbery victim's possession. Martin dated the money orders November 4th and November 6th. On November 7th, appellant King cashed the money orders by endorsing them on the back at the bank where he and appellant Martin had a joint account.

Appellants Martin and King were living together at the time of these occurrences. Appellant King testified that he had received the money orders from a third party. It was stipulated, however, that the money orders in appellants' possession were those stolen from the robbery victim.

■ Appellants were each charged with two counts of forgery, two counts of uttering and one count of receiving stolen property in violation of D.C.Code 1973, §§ 22–1401 and –2205. Both appellants were found guilty on all counts by a jury. Appellant Martin was sentenced to three to nine years on the forgery counts, two to six years on the uttering counts, and ninety days on the receiving stolen property count, all to be consecutive sentences. The execution of Martin's sentence was suspended with a five-year probation after serving ninety days. Appellant King was sentenced to three to nine years on the forgery counts, one to three years on the uttering counts, and one hundred twenty days on the receiving stolen property count, all to be consecutive sentences. There was no suspension or probation in his case.[3]

■ Appellant King raises a threshold issue, arguing a fatal discrepancy between the wording in the indictment and in the statute. The indictment charges him in the conjunctive form, *i. e.*, "falsely made *and* altered the handwritten entries," whereas the statute reads in the disjunctive form, *i. e.*, "falsely makes *or* alters any writing . . . ." He contends that the government was obligated to prove *both* the false making and the altering as charged in the indictment. We have approved, however, the practice of conjunctive pleading of a statute proscribing several acts, any one of which can be the basis of a proper conviction. *United States v. Miqueli*, D.C.App., 349 A.2d 472 (1975); Super.Ct.Cr.R. 7(c). Appellant cannot successfully contend that this practice is improper so as to defeat the clear intent of Congress as expressed in the statute. Accordingly, the variance argument of appellant King is without merit.

The primary contention of appellants on appeal is that there can be no forgery, and consequently no uttering here because they signed their *true* names to the blank money orders taken from the robbery victim's possession.[4]

Forgery is a statutory and not a common law crime in the District of Columbia. Forgery and uttering are proscribed by a single

---

**2.** Appellant Martin was referred to throughout the proceedings as Earline Taylor, her married name and the name she used negotiating the money order.

**3.** Appellant King contends that the sentence given to him was so disproportionate to that given to Martin as to constitute cruel and unusual punishment in violation of the Eighth Amendment. It is clear, however, that the sentence was lawfully imposed and within the statutory maximum, and therefore is not subject to review on appeal. *Walden v. United States*, D.C.App., 366 A.2d 1075 (1976).

**4.** Appellants do not challenge their convictions based upon receiving stolen property. The other issues that appellants raise on this appeal are upon this record without merit.

statute, D.C.Code 1973, § 22–1401. (*See* note 1.) We noted in *Ashby v. United States*, D.C.App., 363 A.2d 685 (1976), that "[w]hile some jurisdictions have adopted such narrowing prerequisites [such as the accused assuming the identity of the fictitious individual and some reliance thereupon], the law of the District of Columbia has been construed more broadly . . . ." *Id.* at 687.

■ The essential elements of the statutory crime of forgery in the District of Columbia are: (1) false making or other alteration of some instrument in writing, (2) a fraudulent intent, and (3) the instrument must be apparently capable of effecting a fraud. *Hall v. United States*, D.C. App., 383 A.2d 1086 (1978); *Frisby v. United States*, 38 App.D.C. 22 (1912). *See also*, Bar Association of the District of Columbia Instruction, Criminal Jury Instructions for the District of Columbia, No. 4.53 (3d ed. 1978).

■ Appellants claim that the first essential element was not satisfied because the insertion of their *true* names did not constitute a false making or alteration of the blank money orders purchased by the robbery victim. We reject that contention. It is the unauthorized *completion* of the stolen money orders which renders the instruments "falsely made or altered." Absent the true owner's authority to complete the blank money orders, the insertion by another of any information onto those orders is a false making or alteration of the documents in violation of the statute. We reach such conclusion in the light of previous holdings in this jurisdiction that instruments were falsely made or altered in a variety of factual contexts. *See Lieberman v. United States*, 102 U.S.App.D.C. 310, 253 F.2d 46 (1958) (a promissory note which was genuinely executed, but on which the true parties' signatures were obtained by trick-

ery); *Yeager v. United States*, 59 App.D.C. 11, 32 F.2d 402 (1929) (company checks which had been endorsed by agents either for a different purpose from that authorized or in the absence of authority).

In sum, courts in this jurisdiction have declined to apply the narrow common law definition of forgery which required a fictitious entry and which appellants now urge upon us, *Lieberman and Yeager, supra*.[5] The court commented in applying the statute in *United States v. Briggs*, 54 F.Supp. 731, 732 (D.D.C. 1944), that "we are not here dealing with common law forgery but with a statute of almost limitless scope." *Id.*

Thus, we conclude that appellants, by executing the money orders under the circumstances here, made a false writing or alteration which satisfied the precise language of the statute.

*Affirmed.*

■

---

5. Appellants' reliance upon such cases as *Gilbert v. United States*, 370 U.S. 650 (1962), and *Greathouse v. United States*, 170 F.2d 512 (4th Cir. 1948), is misplaced. Such cases adopted a narrow view of the crime of forgery whereas our statute proscribing forgery has been broadly construed. The 10th Circuit in *United States v. Sparrow*, 635 F.2d 794 (10th Cir. 1980), also strictly construed a federal forgery statute, 18 U.S.C. § 2314, holding that even though the content of a certificate of title was false, it was precisely what it purported to be and therefore was not forged or falsely made.